This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

Plaintiff-Appellee,

v.                                                      NO. 28,507

ROBERT HENRY,

Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF LEA COUNTY
Don Maddox, District Judge

Gary K. King, Attorney General
Santa Fe, NM
Ralph E. Trujillo, Assistant Attorney General
Albuquerque, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

Robert Henry (Defendant) appeals his conviction in district court on charges of aggravated driving while under the influence of alcohol (DUI).  Defendant makes two arguments on appeal:  (1) the district court erred when it denied Defendant's motion to dismiss, holding that the State did not violate the 182-day limit imposed by Rule 6-506(B) NMRA (182-day rule) when the State dismissed the charges against Defendant in magistrate court (nolle prosequi) on the last day of the 182-day period and then subsequently refiled the same charges in district court seven days after the period had expired; and (2) the district court erred when it admitted Defendant's breath alcohol test into evidence.

We hold that the State violated the 182-day rule; therefore, we reverse the district court's denial of Defendant's motion to dismiss.  Because our reversal results in a dismissal of the charges against Defendant, we do not reach Defendant's second argument.

**BACKGROUND**

The following facts are undisputed by the parties.  Defendant was arrested on February 5, 2007, for driving while under the influence of alcohol.  Defendant was arraigned on those charges in Lovington Magistrate Court on February 6, 2007.  The trial in magistrate court was originally set for June 19, 2007; however, the defense requested a continuance, and trial was rescheduled for August 7, 2007, the day the 182-day period allotted for trial under Rule 6-506(B) expired.  On August 6, 2007,

one day before the scheduled trial and one day before the expiration of the 182-day period, the State dismissed the charges against Defendant in magistrate court. On August 13, 2007, the State refiled the same charges against Defendant in district court.

Defendant moved to dismiss the new charges claiming that the State had violated the 182-day rule by not bringing Defendant to trial within the period required under the rule. The State argued that it had dismissed and refiled because Defendant had refused to waive his right to a jury trial in magistrate court, and therefore, the dismissal and subsequent refiling were necessary in the interests of "judicial economy and conservation of time and resources." The district court found that, "given the special circumstances" here, the State had met its burden of showing an appropriate purpose for dismissing and refiling, and therefore, a new six-month period would be allowed, beginning from the time the State filed the new charges in district court. The court did not state findings of fact regarding the special circumstances.

Defendant pled guilty to the DUI charges on December 18, 2007, reserving the right to appeal the district court's denial of his motion to dismiss for violation of the 182-day rule and the court's denial of his motion to suppress breath alcohol results.

**DISCUSSION**

We review the district court's application of Rule 6-506 de novo. *State v. Carreon*, 2006-NMCA-145, ¶ 5, 140 N.M. 779, 149 P.3d 95.

Defendant argues on appeal that the State violated Rule 6-506(B) when it dismissed the magistrate court charges against Defendant one day before the expiration of the 182-day rule and subsequently refiled the same charges in district court one week after the 182-day rule had expired. For the reasons that follow, we agree.

We begin our analysis with Rule 6-506, which controls the time for commencement of trials. Rule 6-506(B) requires a defendant's trial to commence within 182 days of one of the triggering events listed in the rule. The triggering event applicable to the current case is the date of arraignment of Defendant in magistrate court. Rule 6-506(B)(1). The rule specifies that, if the trial is not commenced within the 182-day period, the charges may be dismissed with prejudice. Rule 6-506(E).

The committee commentary to Rule 6-506 clarifies the 182-day rule by stating that in cases where the state dismisses charges and subsequently refiles the same charges, the trial on the refiled charges must commence within the 182-day period associated with the original charges "unless, pursuant to Paragraph D of Rule 6-506, the court finds the refiled complaint should not be treated as a continuation of the same case." Rule 6-506, committee commentary.

Rule 6-506A NMRA further clarifies the interplay between the 182-day rule and voluntary dismissal and refiling of charges in magistrate courts. Rule 6-506A(D) states that, if charges are dismissed and later refiled, the case shall be treated as a

3

continuation of the same case, and "the trial on the refiled charges shall be commenced within the unexpired time for trial pursuant to Rule 6-506 . . . unless the court, after notice and a hearing, finds the refiled complaint should not be treated as a continuation of the same case." Rule 6-506A(D).

Read together, these rules provide that, in magistrate court, the default rule is that there is a single, 182-day period during which a trial must be initiated, regardless of the number of times the charges are dismissed and refiled. The 182-day period for trial is begun on the date of the triggering event for the original charges. Absent an extension, dismissal is required if the trial is not begun within the 182-day period. These rules do not, however, specifically discuss the consequences of failing to comply with the 182-day rule where the charges are dismissed in magistrate court and refiled in district court. This Court recently reviewed and interpreted Rules 6-506 and 6-506A in the mixed magistrate/district court context and determined that the same default rule applies in that context.

In *State v. Yates*, 2008-NMCA-129, ¶ 5, 144 N.M. 859, 192 P.3d 1236, *cert. granted*, *State v. Savedra*, 2008-NMCERT-009, 145 N.M. 258, 196 P.3d 489, we determined that "[s]imilarly-situated defendants ought to be afforded similar rights[;]" therefore, all defendants, whose prosecutions are initiated in magistrate court should receive the benefit of Rule 6-506A(D), "regardless of whether the [s]tate refiles the charges in magistrate court or district court." This interpretation establishes the

4

default rule that, while the state is free to dismiss criminal charges in magistrate court and refile the same charges in district court, the trial in district court must commence within the 182-day period established by the triggering event in magistrate court unless the state overcomes this presumption by an appropriate showing, as permitted by Rule 6-506A(D). *Yates*, 2008-NMCA-129, ¶ 6.

In the present case, the justification the State—more specifically, the Fifth Judicial District Attorney's office—offers for its actions is that in order to promote judicial economy and conservation of time and resources in prosecuting aggravated DUIs, it has a policy of avoiding duplicate jury trials, i.e., a jury trial in magistrate court and another in district court. In keeping with this policy, when Defendant refused to waive his right to a jury trial in magistrate court, the State dropped the charges in magistrate court and refiled the same charges in district court. The State argues that, based on these facts, the State made an appropriate showing that justified the district court finding that the refiled complaint should not be treated as a continuation of the original case and that the period for trial should be restarted in district court. We are not persuaded.

This Court has consistently held that the mere existence of a prosecutorial policy is not adequate to justify the restarting of the period for trial upon the dismissal and refiling of charges. *See Carreon*, 2006-NMCA-145, ¶ 11 (holding that the existence of a prosecutorial policy of dismissing every magistrate court case that does

5

not settle before the 182-day rule was insufficient to meet the state's burden of showing that the dismissal was not done to circumvent the rule); *Yates*, 2008-NMCA-129, ¶ 11 (stating that "refiling of charges in district court pursuant to the established policy of prosecutors in the Fifth Judicial District did not restart the running of the respective periods within which the [s]tate was required to bring [the d]efendants to trial").

The State attempts to distinguish its policy regarding dismissals in magistrate court from the policies at issue in *Carreon* and *Yates*. The State points out that, unlike the prosecutors in *Carreon* and *Yates* who dismissed all magistrate court cases that did not settle prior to the 182-day rule, in this case the State was willing to go to trial in magistrate court and only planned to dismiss and refile in district court if Defendant opted for a jury trial rather than a bench trial. We do not find this distinction to be persuasive.

In all three instances, *Carreon*, *Yates*, and the present case, the State is implementing a prosecutorial policy of dismissing charges in magistrate court and refiling in district court based on what the defendant does or does not do in magistrate court. As we noted in *Carreon* and *Yates*, the state is free to implement policies requiring dismissal and refiling of charges; however, these policies alone are not adequate justification for restarting the time period within which the trial must be held. To hold otherwise would permit the state to circumvent the 182-day rule at will

6

in every case filed in magistrate court simply by dismissing before the deadline runs and filing the exact same charge in district court with no 182-day rule consequences. *Carreon*, 2006-NMCA-145, ¶ 12.

We recognize that the State has a legitimate interest in avoiding the burdens of successive trials in magistrate court and district court; however, as we noted in *Yates*, the problem of sequential, duplicative trials seems to be one of the State's own making. *Id.* ¶ 8. There are a number of alternatives available to the State that would avoid this problem and still permit the State to operate within the confines of Rules 6-506 and 6-506A. *Yates*, 2008-NMCA-129, ¶ 8. Specifically, the State could monitor misdemeanor DUI cases filed in magistrate court to ensure that they are dismissed and refiled in district court with sufficient time remaining for the case to be brought to trial within 182 days of the triggering event in magistrate court. *Id.* Alternatively, the State could initiate misdemeanor DUI prosecutions in district court, rather than magistrate court. *Id.*

In summary, the State in this case did not provide justification for restarting the time period allowed for commencement of trial.

**CONCLUSION**

Based on the foregoing, we reverse the district court and instruct the court to enter an order dismissing the charges against Defendant.

**IT IS SO ORDERED.**

7

_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**


_____

**JAMES J. WECHSLER, Judge**


_____

**CELIA FOY CASTILLO, Judge**