This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                    **NO. 29,018**

**GLORIA ORTEGA FLORES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Michael T. Murphy, District Judge**

Gary K. King, Attorney General
Anita Carlson, Assistant Attorney General
Santa Fe, NM

for Appellee

Steven L. Almanza
Las Cruces, NM

for Appellant

### MEMORANDUM OPINION

**GARCIA, Judge.**

Defendant appeals her conviction of aggravated driving while under the

influence pursuant to NMSA 1978, Section 66-8-102(D)(3) (2008) (amended 2010), and failure to have operating tail lights contrary to NMSA 1978, Section 66-3-805 (1978). Defendant raises three issues on appeal: (1) the State violated the six-month rule; (2) the district court erred in granting the State's request for an extension of time due to exceptional circumstances; and (3) the district court erred in denying Defendant's motion to suppress evidence. We reverse and remand this case to the district court to dismiss the charges against Defendant for violation of the six-month rule. As a result of this reversal based upon a six-month rule violation, we need not address Defendant's suppression argument.

**DISCUSSION**

Defendant argues that the charges against her should be dismissed because the six-month time period ran and because the district court erred in granting an extension of the six-month rule based on exceptional circumstances.

We first recognize that the former six-month rule for district court applies to this case. *See* Rule 5-604 NMRA (2008, prior to the 2009 and 2010 amendments). After the parties briefed this case, the Supreme Court withdrew Rule 5-604(B)-(E) for all cases that were pending as of May 12, 2010. *State v. Savedra*, 2010-NMSC-025, ¶ 9, 148 N.M. 301, 236 P.3d 20. Instead, the Court directed district courts to apply a speedy trial analysis to determine whether an impermissible delay had occurred. *Id.*

However, this rule change only applies to cases that were pending in district court at the time *Savedra* was filed. *See id.* ¶¶ 5, 10 (applying the former district court six-month rule, rather than the rule change, to the cases that were on appeal); *see also* Rule 5-604 (2010) Compiler's note (explaining that the six-month rule provisions were "withdrawn for cases pending in the district court on or after May 12, 2010"). Similarly, in *State v. Pieri*, the Supreme Court recognized its authority to change a rule of procedure for pending cases, but limited any retroactivity to pending cases in which the district court had not yet applied the rule being changed. 2009-NMSC-019, ¶¶ 33-35, 146 N.M. 155, 207 P.3d 1132 (amending a rule of procedure affecting plea agreements, but applying the rule change only to pending cases in which the defendant had not yet entered into a plea agreement). Since Defendant's case was on appeal at the time *Savedra* changed the six-month rule, we apply the former district court six-month rule just as the Supreme Court did in *Savedra*, 2010-NMSC-025, ¶¶ 5, 10.

Magistrate court Rule 6-506(B)-(E) NMRA requires that a defendant's trial "commence within one-hundred eighty-two days of a triggering event, absent permissible extensions." *State v. Carreon*, 2006-NMCA-145, ¶ 6, 140 N.M. 779, 149 P.3d 95, *abrogated on other grounds by Savedra*, 2010-NMSC-025. Similarly, the 2008 version of Rule 5-604(B)(1) required that the trial of a criminal case in district court be commenced six months after either the date of arraignment or waiver of

arraignment, whichever occurred later. Rule 5-604(E) provided that the State may obtain an extension by filing a petition within ten days "after the expiration of the applicable time limit if it is based on exceptional circumstances beyond the control of the parties or the trial court which justify the failure to file the petition within the applicable time limit." We review a district court's application of the six-month rule de novo. *State v. Dominguez*, 2007-NMCA-132, ¶ 8, 142 N.M. 631, 168 P.3d 761. However, any questions of historical fact, such as "what really motivated the prosecutor in dismissing the case and whether his actions were taken in subjective good faith," are reviewed under a substantial evidence standard. *State v. Bolton*, 1997-NMCA-007, ¶ 13, 122 N.M. 831, 932 P.2d 1075, *abrogated on other grounds by State v. Savedra*, 2010-NMSC-025, 148 N.M. 301, 236 P.3d 20.

The parties agree on the time line of events in this case. Defendant filed a waiver of arraignment in magistrate court on January 31, 2008. On May 2, 2008, the State refiled the charges in district court and later dismissed the charges in magistrate court. Defendant filed a waiver of arraignment in district court on May 7, 2008. On July 25, 2008, the decision in *State v. Yates* was filed. 2008-NMCA-129, 144 N.M. 859, 192 P.3d 1236, *aff'd by Savedra*, 2010-NMSC-025. Defendant argues that the time for commencement of trial expired on July 31, 2008, and the State acknowledges that under *Yates*, the six-month rule would have run on July 31, 2008. However, the

4

State maintains that it did not learn of the *Yates* decision until August, 1, 2008. On August 13, 2008, the State filed a petition for extension of time. The State conceded that pursuant to *Yates* it was filing the petition after the expiration of the six-month rule, but argued that the change in the law identified in *Yates* constituted an exceptional circumstance, allowing the State ten addition days in which to petition for an extension of time. Defendant opposed the petition and filed a motion to dismiss based on a violation of the six-month rule. The district court found that the 182-day time limit had expired on July 31, 2008, but granted an extension based on "good reason to extend the time in which to commence trial." In a later hearing regarding multiple cases affected by *Yates*, the district court reasoned that the *Yates* decision constituted an exceptional circumstance and consequently, denied Defendant's motion to dismiss. Defendant's trial in district court was set for September 9, 2008, at which time Defendant entered a plea agreement and reserved his right to appeal this issue.

Defendant appealed, challenging the district court's finding that the decision issued in *Yates* constituted an exceptional circumstance. The State argued that the district court was correct in finding exceptional circumstances and granting an extension of time, or in the alternative, that *Yates* was incorrectly decided and that the six-month rule did not expire until November 7, 2008.

First, we agree with the district court's conclusion that the time for

5

commencement of trial expired on July 31, 2008. Both parties agree that under *Yates*, the six-month rule would expire on July 31, 2008. The State argued that *Yates* was incorrectly decided. However, this argument is now moot since the Supreme Court affirmed *Yates* in *Savedra*. 2010-NMSC-025, ¶ 1. Since the Supreme Court has decided the issue, this Court is bound by Supreme Court precedent. *State v. Duarte*, 2004-NMCA-117, ¶ 11, 136 N.M. 404, 98 P.3d 1054. We further note that the State did not argue that this case should be factually differentiated from *Yates*. We do not address arguments that were neither briefed at the appellate level nor preserved at the trial court level. *In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that if no authority is cited in support of an issue, we assume no such authority exists); *In re Aaron L.*, 2000-NMCA-024, ¶ 10, 128 N.M. 641, 996 P.2d 431 (stating that the reviewing court will not consider issues not raised in the trial court unless the issues involve matters of jurisdictional or fundamental error).

The State may avoid a six-month rule violation by filing a timely motion or request for extension of time within the time limits set forth in Rule 5-604(C) and (D). *Yates* and *Savedra* also considered whether the State automatically receives a new six-month rule period upon dismissing a case in magistrate court and refiling in district court. *Savedra* affirmed *Yates* in determining that the six-month rule for original magistrate court prosecutions presumptively continued to run even after a case was

6

refiled in district court and that a new six-month rule period in district court was not automatic. *Savedra*, 2010-NMSC-025, ¶ 5; *Yates*, 2008-NMCA-129, ¶ 5. Instead, upon a defendant's assertion that the state's refiling was for the purpose of circumventing the six-month rule, the state bore the burden of demonstrating that "its decision to dismiss and refile [in district court] was not done in bad faith to circumvent the protections of the six-month rule." *Savedra*, 2010-NMSC-025, ¶ 3; *see Carreon*, 2006-NMCA-145, ¶ 7. Here, Defendant raised the issue by filing a motion to dismiss based on the State's violation of the six-month rule. The State argues for the first time on appeal that it refiled in district court rather than wait for an upcoming pretrial conference in magistrate court. However, we find no arguments in the district court regarding the State's good faith in refiling the charges in district court. We do not address arguments that were not preserved at the trial court level. *Aaron L.*, 2000-NMCA-024, ¶ 10, (stating that the reviewing court will not consider issues not raised in the trial court unless the issues involve matters of jurisdictional or fundamental error). As a result, we affirm the district court's conclusion that the six-month rule expired on July 31, 2008. We further note that the State's motion for extension of time was filed after the July 31, 2008, deadline. Consequently, Rule 5-604(F) required dismissal with prejudice unless the State established exceptional circumstances for its filing after the deadline under Rule 5-604(E).

We now address Defendant's argument that the district court erred in concluding that the *Yates* decision constituted an exceptional circumstance under Rule 5-604(E). Sufficient New Mexico authority exists to analyze exceptional circumstances utilizing recent cases addressing the six-month rule. Therefore, we are not required to analogize to previous exceptional circumstances authority decided under the timely appeal rule. *See Dominguez*, 2007-NMCA-132, ¶¶ 1, 10, (analogizing exceptional circumstances under the six-month rule to exceptional circumstances under the timely appeal rule in a case of first impression). In *Dominguez*, this Court determined that exceptional circumstances did not exist when the state inadvertently filed a petition for extension of time one day after the six-month rule ran, due in part to the pressure of a heavy caseload. *Id.* ¶¶ 3, 11. Similarly, *Duran v. Eichwald*, 2009-NMSC-030, ¶¶ 7, 9, 146 N.M. 341, 210 P.3d 238, failed to recognize that exceptional circumstances existed when the state inadvertently filed an untimely petition for extension of time. The Court reasoned that neither neglect nor inadvertence are "matters beyond the control of the prosecution." *Id.* ¶ 8.

Under the facts in this case, we determine that the filing of the *Yates* decision six days before the six-month rule expired did not constitute an exceptional circumstance. We confirm that our decision in *Yates* did not create new law. 2008-NMCA-129, ¶ 9. Instead, *Yates* acknowledged that prior cases had applied a pre-

8

existing balancing test to determine whether the six-month rule restarted if charges were refiled in district court. *Id.* In light of existing case law prior to *Yates*, the state should have known that the clock under the six-month rule does not automatically restart upon filing in district court. *See Savedra*, 2010-NMSC-025, ¶ 5 (emphasizing that in light of existing case law in this area, the state should have known that its policy of dismissing and refiling in district court was an insufficient basis to restart the six-month rule). We further note that even after *Yates* was filed, the State still had six days to file a petition for extension before the original six-month time period set by the magistrate court expired. Similarly to *Dominguez* and *Duran* where the state's inadvertence in filing a timely petition for extension was an unexceptional circumstance, the State's inadvertence in failing to discover the *Yates* decision until one day after the six-month rule expired was also an unexceptional circumstance.

Finally, we address the State's argument that its reliance on the district court's error constituted an exceptional circumstance. The State argues that it reasonably relied on the district court's scheduling order, advising the defendant that the six-month rule expired on November 7, 2008. However, the right protected by the six-month rules belongs to Defendant, not the State. *Savedra*, 2010-NMSC-025, ¶ 5. Allowing the State to incorrectly rely upon a new six-month time period set forth in the scheduling order would focus administration of the rule on the State rather than

Defendant, contrary to the purpose of the six-month rules in protecting a defendant's right to a speedy trial. *See id.* We agree with Defendant that refocusing the six-month rule on the State's mistaken reliance upon a new scheduling order is inappropriate and will not establish an exceptional circumstance under the facts set forth in this case.

Therefore, we conclude that neither the filing of the *Yates* decision six days before the six-month rule expired, nor the November date set forth in the new scheduling order were exceptional circumstances. Consequently, the district court erred in finding exceptional circumstances to grant the State's petition for extension. As a result, the six-month rule expired on July 31, 2008, prior to Defendant's trial setting on September 9, 2008. Defendant's motion to dismiss charges based upon the State's violation of the six-month rule should have been granted.

**CONCLUSION**

Based upon the reasoning in *Yates* and *Savedra*, we reverse and remand this case to district court to dismiss the charges against Defendant for violating the six-month rule as set forth in Rule 5-604 NMRA (2008).

**IT IS SO ORDERED.**

_____

10

                                    **TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**



_____
**CELIA FOY CASTILLO, Judge**

11