2003-NMCA-051

64 P.3d 543

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Jaime CARDENAS, Defendant–Appellant.**

**No. 22,927.**

Court of Appeals of New Mexico.

Jan. 29, 2003.

Patricia A. Madrid, Attorney General, Katherine Zinn, Assistant Attorney General, Santa Fe, NM, for Appellee.

John B. Bigelow, Chief Public Defender, Will O'Connell, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

## OPINION

WECHSLER, Chief Judge.

{1} Defendant Jaime Cardenas appeals from the judgment and sentence entered against him in February 2002. Defendant pleaded guilty to aggravated driving while under the influence of intoxicating liquor (aggravated DWI) contrary to NMSA 1978, § 66–8–102(D)(1999), and improper backing of a vehicle contrary to NMSA 1978, § 66–7–354 (1978). Defendant expressly reserved the right to appeal the district court order denying his motion to dismiss for violations of Rule 5–604 NMRA 2003 and of his Sixth Amendment right to speedy trial. Because we determine that the State failed to bring Defendant to trial within six months of the date the mandate was filed with the district court, we reverse.

*Background*

{2} Following a jury trial in November 1999, Defendant was convicted of aggravated DWI and improper backing of a vehicle. This Court reversed Defendant's convictions due to the State's improper questions of the jury during voir dire and remanded the case to the district court for a new trial. We issued a mandate in May 2000, which was mailed to all counsel. There was no further activity in this case until August 2001, when

the State filed the judgment on mandate with the district court.

{3} The parties engaged in plea negotiations for the next five months without success. In January 2002, Defendant filed a motion to dismiss for violations of Rule 5–604 and the right to speedy trial. The district court denied Defendant's motion, stating that, pursuant to "the local rule [LR3–215 NMRA 2003] and the local practice of [the court]," Defendant had an obligation as the prevailing party on appeal to prepare the judgment on mandate. In so holding, the district court attributed the delay in commencement of trial to Defendant based on his failure to comply with LR3–215, and therefore found no violation of either Rule 5–604 or the right to speedy trial.

*Rule 5–604 and LR3–215*

■ {4} Rule 5–604(B)(4) requires that the trial of a criminal case be commenced within six months of the date the mandate or order disposing of an appeal is filed with the district court. The district court's application of Rule 5–604 is subject to de novo review. *State v. Solano*, 1999–NMCA–019, ¶ 5, 126 N.M. 662, 974 P.2d 156.

{5} "[C]ommencement of trial within the stated period is mandatory. Nevertheless, the operation of Rule 5–604 is not jurisdictional; dismissal follows the failure to timely commence trial only [upon Defendant's filing] a motion to dismiss. Moreover, the court may not dismiss if the defendant waived his or her rights under the rule." *State v. Sandoval*, 2003–NMCA–031, ¶ 5, 133 N.M. 399, 401–02, 62 P.3d 1281, 1283–84 (Ct.App.2002) (citation omitted).

■ {6} The State does not argue that Defendant's trial was commenced within the period stated in Rule 5–604(B)(4) or that Defendant waived his rights. Rather, the State asserts that the district court properly denied Defendant's motion to dismiss because Defendant was responsible for the failure to timely commence trial. Specifically, the State argues that the "local practice" in the Third Judicial District is to apply LR3–215 to criminal cases, meaning that Defendant, as the prevailing party on appeal, was required to reinstate proceedings against himself by filing the judgment on mandate with the district court. We do not agree.

{7} Rules 1–083 NMRA 2003 and 5–102 NMRA 2003 set forth the procedure by which local rules must be enacted. In order to be given effect, a local rule must be (1) approved by order of the Supreme Court; (2) filed with the clerk of the Supreme Court; and (3) published in either the Bar Bulletin or the judicial volume of the New Mexico Statutes Annotated. Rule 1–083(A); Rule 5–102(A). These requirements were designed to provide parties with notice of the procedures that must be followed when appearing before a particular district court.

{8} In this case, Defendant's attorney stated on the record that he was unaware of any local practice requiring a criminal defendant to file the judgment on mandate. We attribute this lack of knowledge to the fact that within the local rules for the Third Judicial District, LR3–215 is listed under Heading II, entitled "Civil Matters—Pleading and Procedure." No such rule is set forth under Heading IV, entitled "Criminal Matters." Therefore, although the language of LR3–215 does not specify whether the rule governs both civil and criminal cases, the structure of the rules would indicate that LR3–215 applies only to civil matters.

{9} Our review of the history of LR3–215, as derived from the records of our Supreme Court, supports Defendant's position. *See State v. Vigil*, 85 N.M. 328, 331, 512 P.2d 88, 91 (Ct.App.1973) (stating that Court of Appeals may take judicial notice of the records of the New Mexico Supreme Court). In 1993, a complete set of local rules for the Third Judicial District was submitted to the Clerk of the Supreme Court. The rule governing judgments on mandate was listed under the heading "Civil Matters—Pleading and Procedure." Although an attached letter from the New Mexico Compilation Commission indicated that the local rules had been reformatted in anticipation of publication, an earlier version of the local rules, submitted directly to the Clerk by a judge of the Third Judicial District, also listed the judgment on mandate rule under the "Civil Matters" heading. We therefore conclude that the

judges of the Third Judicial District approved the publication of the rule within the section governing civil matters.

■ {10} As a general rule, "[i]t is not the function of a reviewing court to substitute its own interpretation of a local rule for that of the court which promulgated the rule." *James v. Brumlop*, 94 N.M. 291, 295, 609 P.2d 1247, 1251 (Ct.App.1980). Nevertheless, given the structure and history of the local rules for the Third Judicial District, Defendant did not receive adequate notice, pursuant to the publication and filing requirements of Rules 1–083(A) and 5–102(A), of any "local practice" requiring a criminal defendant to file the judgment on mandate with the district court.

{11} We decline to extend the application of LR3–215 beyond that which could be logically anticipated, particularly when such application operates to deny the protections afforded by Rule 5–604 and directly conflicts with the well-recognized principle that the State is primarily responsible for bringing a criminal defendant to trial. *See State v. LeFebre*, 2001–NMCA–009, ¶ 9, 130 N.M. 130, 19 P.3d 825; *State v. Mascarenas*, 84 N.M. 153, 155, 500 P.2d 438, 440 (Ct.App.1972)(analyzing constitutional right to speedy trial and recognizing that a defendant has no duty to initiate his own trial); *see also Spingola v. Spingola*, 91 N.M. 737,

745, 580 P.2d 958, 966 (1978)(stating that a district court may only promulgate local rules that are consistent with rules of the Supreme Court).

*Conclusion*

■ {12} Although Rule 5–604 should be applied with common sense and should not be used to effect technical dismissals, *State v. Mendoza*, 108 N.M. 446, 449, 774 P.2d 440, 443 (1989), it is a bright-line rule, designed " 'to assure prompt disposition of criminal cases.' " *Sandoval*, slip op. at 7, ¶ 13 (quoting *State v. Eden*, 108 N.M. 737, 741, 779 P.2d 114, 118 (Ct.App.1989)). We reverse because the State failed to bring the case to trial within six months of the date the mandate was filed with the district court. In light of this decision, we need not consider Defendant's Sixth Amendment arguments.

{13} **IT IS SO ORDERED.**

WE CONCUR: CYNTHIA A. FRY, and IRA ROBINSON, Judges.