2006-NMCA-145

149 P.3d 95

**STATE of New Mexico,**
**Plaintiff–Appellee,**

v.

**Fernando CARREON, Defendant–**
**Appellant.**

**No. 26,048.**

Court of Appeals of New Mexico.

Oct. 6, 2006.

Certiorari Granted, No. 30,079,
Nov. 29, 2006.

Patricia A. Madrid, Attorney General, Santa Fe, NM, Max Shepherd, Assistant Attorney General, Albuquerque, NM, for Appellee.

Albert J. Costales, Truth or Consequences, NM, for Appellant.

## OPINION

SUTIN, Judge.

{1} Defendant attacks his conviction, asserting a violation of the six-month limit in Rule 6–506(B) NMRA. His magistrate court case was dismissed by the State shortly before trial was scheduled, which was approximately three weeks before the six-month deadline was to run for commencement of trial. The State re-filed the case in district court purportedly pursuant to a policy of the district attorney's office that all magistrate court DWI cases were to be dismissed and re-filed in district court when it was determined that the magistrate court case was not going to settle. We reverse, holding that the six-month rule was violated.

## BACKGROUND

{2} On November 3, 2003, the State filed a criminal complaint in magistrate court in Chaves County, New Mexico charging Defendant with aggravated driving while intoxicated (DWI), third offense. Defendant was arraigned on November 4, 2003. The magistrate court noted that the six-month expiration date was April 30, 2004. The court also set April 12, 2004, as the date for discovery issues and to file pretrial motions. On November 5, 2003, a docket call was scheduled for January 27, 2004. On January 7, 2004, Defendant's counsel entered an appearance and Defendant moved for a continuance of the docket call. On January 9, 2004, a second docket call was scheduled for February 26, 2004. On February 13, 2004, Defendant filed a motion seeking production by the State of video evidence relating to his arrest or detention and the breathalyzer testing. He also asked for a continuance of the February 26, 2004, docket call; the State indicates that it is unclear whether this continuance was granted. Defendant, however, states that at the February 26, 2004, docket call, the court verbally instructed the State to produce the video evidence within thirty days. On March 1, 2004, a third docket call was scheduled for April 8, 2004. In the interim, Defendant filed a motion on March 25, 2004, for an order requiring the State to show cause in regard to the production of the video evidence, stating, among other things, that the court had instructed the State to produce the videos within thirty days. On the same day, Defendant filed another motion to produce the video evidence. On April 7, 2004, at Defendant's request, the magistrate court clerk issued subpoenas duces tecum commanding the sheriff's custodian of records and a deputy to appear in court on April 8, 2004, at 10:00 a.m., with the videos. These subpoenas were served on April 7.

{3} The parties appeared before the magistrate court on the morning of April 8. Defendant advised the court that the State had still not produced the requested video evidence. The court ordered the parties to trial that afternoon. The State informed the court that its witnesses, in particular, a technician from the State laboratory and a nurse, were not available that day. The magistrate court rescheduled the trial for April 13, 2004. Defendant's counsel indicated to the court that he had subpoenaed witnesses, was ready for trial that afternoon, and would be ready for trial on April 13.

{4} In the afternoon of April 8, the State dismissed the magistrate court case and re-filed the same charges in district court. Defendant waived arraignment on April 22. He filed a motion to dismiss on June 7, based on violation and circumvention of the six-month rule. A court clerk's handwritten record of proceedings on August 13, 2004, states that at a hearing on Defendant's motion to dismiss on that date, "Court finds dismissal in [magistrate court and district court] was for purposes of other than a bad reason. Court denies motion to dismiss[.]" After an unsuccessful request for an interlocutory appeal, and various proceedings in the district court, Defendant entered a conditional plea and was sentenced on July 7, 2005. Defendant appeals, contending that the district court erred in denying his motion to dismiss for violation of the six-month rule.

## DISCUSSION

### Standard of Review

{5} We review a district court's application of Rule 6–506 de novo. *See State v. Cardenas,* 2003–NMCA–051, ¶ 4, 133 N.M. 516, 64 P.3d 543.

### Rule 6–506

{6} Rule 6–506 requires a defendant's trial to commence within one-hundred eighty-two days of a triggering event, absent permissible extensions. Rule 6–506(B)–(E). Commencement of trial within the stated period, while not jurisdictional, is mandatory. *See Cardenas,* 2003–NMCA–051, ¶ 5, 133 N.M. 516, 64 P.3d 543; *see also State v. Davis,* 97 N.M. 745, 748, 643 P.2d 614, 617 (Ct.App.1982) (stating that the use of the word "shall" makes provisions mandatory). The purpose of a six-month rule, such as Rule 6–506 "is to encourage the orderly and prompt disposition of criminal cases." *State v. Lucero,* 108 N.M. 548, 551, 775 P.2d 750, 753 (Ct.App.1989). Such a rule is to guard against lack of preparedness on the part of

the State. *State v. Bolton,* 1997–NMCA–007, ¶ 11, 122 N.M. 831, 932 P.2d 1075.

{7} In aggravated DWI cases, both the magistrate court and district court have concurrent jurisdiction, *see State v. Ahasteen,* 1998–NMCA–158, ¶ 21, 126 N.M. 238, 968 P.2d 328, and prosecuting attorneys have discretion to choose in which court to bring the case. *See id.* ¶ 22. While the State generally has the discretion to file first in magistrate court and then dismiss and file in district court, *see State v. Heinsen,* 2005–NMSC–035, ¶ 25, 138 N.M. 441, 121 P.3d 1040, the State cannot escape the effect of the six-month rule if the dismissal and re-filing are done for a bad reason, including doing so for the purpose of circumventing the six-month rule. *See State ex rel. Delgado v. Stanley,* 83 N.M. 626, 627, 495 P.2d 1073, 1074 (1972) (holding that if a defendant asserts that the State's action was to delay or otherwise circumvent the rule, "the State must be prepared to demonstrate by proof the bona fides of the procedure it has utilized and that it has not been followed to delay defendant's trial beyond the six-month period, . . . or to circumvent the operation of the rule"); *Bolton,* 1997–NMCA–007, ¶¶ 1, 8, 10–12, 122 N.M. 831, 932 P.2d 1075 (determining that the general rule of prosecutorial discretion includes the commensurate rule that when a defendant asserts that the State's actions were done to circumvent the six-month rule or for another bad reason, the court can dismiss the case where the State fails to satisfy its burden to demonstrate that its actions were not done for bad reasons). Once the defendant makes a sufficient showing that the prosecutor is not acting in good faith, the State has the burden to show that its actions were legitimate by demonstrating that its actions were not done for bad reasons or to circumvent the six-month rule. *Ahasteen,* 1998–NMCA–158, ¶ 22, 126 N.M. 238, 968 P.2d 328; *Bolton,* 1997–NMCA–007, ¶¶ 1, 8, 10–12, 122 N.M. 831, 932 P.2d 1075.

**The State Failed to Carry its Burden**

{8} The State asserts that it was justified in dismissing the magistrate court case and re-filing in the district court because it did so pursuant to a policy of the Fifth Judicial District Attorney's Office, approved by one of the district judges in the Fifth Judicial District, "to never take a DWI case to trial in the Magistrate Court." The State explains that the policy was adopted after it became apparent that a defendant could appeal a magistrate court DWI conviction de novo and thus obtain two trials, and that the policy therefore was adopted in order to avoid two trials, "since either the Magistrate Court or the District Court had concurrent jurisdiction to hear DWI cases, the District Attorney's Office dismissed any case filed in the Magistrate Court once it became apparent that there would be no plea agreement, and instead the case was going to trial." The State represents that this policy had been in effect for two and one-half years, and was consistently adhered to barring an administrative oversight.

{9} Two circumstances are at play here. One consists of the continuing proceedings in the magistrate court case and the parties' involvement in those proceedings from the time of the complaint up to the April 8, 2004, docket call. In the proceedings, Defendant actively sought production of video evidence from the State. Defendant presumably wanted the video evidence for the purpose of evaluating the strength of his defense. The State participated in the case, including a hearing in which the court allegedly instructed the State to produce the video evidence. During this entire time, there does not appear to have been any plea activity. Defendant states that he did not "entertain" any plea offer, while awaiting production of the requested video evidence. The State appears to have responded to the discovery request by letter dated June 18, 2004, and as of July 30, 2004, still had not produced the requested evidence. The State does not indicate that it offered any plea to Defendant for consideration. In fact, the State, without any record evidence given, states that it was "on the afternoon of April 8, 2004, when the prosecutor realized that there was going to be no settlement of the case," reportedly causing the State then to dismiss the magistrate court case.

{10} The second circumstance is the State's policy of dismissing magistrate court

cases when it becomes evident that the case will not be settled. We will not comment on the propriety of the policy. We nevertheless have a serious concern about the application of the policy when it is used for the purpose of buying more time than the limitation in Rule 6–506. The State initiates a case in the magistrate court only to see if the defendant will plea or the case can otherwise be settled. Yet the process requires the resources of the court, and the time and effort of both the defense and prosecution. Knowing that it will dismiss the magistrate court case if the case is not settled, the State can nevertheless, at will, resist discovery, make no early attempt to obtain a plea agreement, attend hearings and docket calls, and pursue the case to a date just short of the deadline, only to then escape any adverse six-month rule consequence by dismissing at the last minute and re-filing the identical charges in district court. A policy that permits this approach to criminal justice does not seem consistent with either the purposes underlying any six-month rule or the efficient administration of justice. The policy, as carried out in the present case, cannot serve as an indicator of good faith for purposes of a six-month rule analysis.

{11} As made clear in *Delgado* and *Bolton*, the State's discretion to dismiss and re-file without six-month rule consequences is permissible only if the State sustains its burden to show that its actions were not done for a bad reason or to circumvent the six-month rule. Our decision in *Lucero* is instructive. In *Lucero*, we affirmed dismissal under the six-month rule where an initial complaint and a second complaint in metropolitan court were identical and there was no new evidence on which to file a second complaint. *Id.* at 550, 775 P.2d at 752. The reason for filing the second complaint was the court's dismissal without prejudice of the initial complaint because the police officer failed to appear. *Id.* We stated that "where [a] subsequent complaint contains no new charges or is not based on new facts or information regarding the prior charges, the original complaint is not superseded" and the second complaint "has no effect on the running of the six-month rule." *Id.* at 550–51, 775 P.2d at 752–53. We will assume, for the

purposes of deciding the present case, that there is a bona fide reason for a case to be initiated in magistrate court where it is known in advance that the case will be dismissed and re-filed in district court if it is not settled. However, the mere existence of the prosecutorial policy of dismissing every magistrate court case that is not settled before the six-month deadline is insufficient to sustain the State's burden.

{12} We hold that the State did not carry its burden. The State offered no explanation other than the mere existence of its policy to show that it did not intend to circumvent the six-month rule. If what occurred in this case is permitted in all cases, the State can circumvent the six-month rule at will in every case filed in magistrate court simply by dismissing whenever it wants before the deadline runs and filing exactly the same charge in district court, with no six-month rule consequences. We do not think that Rule 6–506 was adopted with any intent that it would not be applied under such circumstances.

**CONCLUSION**

{13} We reverse the district court and instruct the court to enter an order dismissing the charges against Defendant for violation of the six-month rule.

{14} **IT IS SO ORDERED.**

WE CONCUR: A. JOSEPH ALARID and MICHAEL E. VIGIL, Judges.