This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                   **NO. 29,232**

**FLOYD POWELL,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Jerry H. Ritter, District Judge**

Gary K. King, Attorney General
Anita Carlson, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Nancy M. Hewitt, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Defendant appeals the district court's denial of his motion to dismiss. Defendant argues the district court should have dismissed the charges against him on the basis of a six-month rule violation. Having considered the briefs and the record, we agree. We reverse the district court and hold the charges against Defendant should have been dismissed. Because we reverse based on a six-month rule violation, we need not address Defendant's speedy trial argument.

**A.    Factual Background and Procedural History**

The parties agree on the time line of events in this case. Defendant was initially charged in magistrate court on December 3, 2007. He was arraigned in magistrate court on December 5, 2007. After a pre-trial conference on March 11, 2008, the State filed a nolle prosequi in magistrate court on March 17, 2008, and refiled in district court the following day. The case was originally set for trial on July 25, 2008, but was reset by the district court for October 22, 2008. On September 24, 2008, the State petitioned for an extension of time to commence trial, which was granted by the district court.

On October 21, 2008, Defendant filed his motion to dismiss on the grounds of violation of the six-month rule and violation of his right to a speedy trial. Defendant argued his trial should have commenced on or before June 5, 2008, six months from the date of his arraignment on the charges filed in magistrate court. The district court

2

denied Defendant's motion to dismiss on October 22, 2008, and entered findings on October 30, 2008. The district court concluded the prosecutor's dismissal and refiling was done in good faith and not for the purpose of circumventing the six-month rule. Defendant entered a conditional no-contest plea, reserving his right to appeal the district court's decision on his motion to dismiss.

**II.      *Savedra* and Preservation**

We begin by noting that since the parties have briefed this case the Supreme Court has "withdrawn" Rule 5-604 (B)-(E) NMRA for all pending cases as of May 12, 2010. *State v. Savedra*, 2010-NMSC-025, ¶ 9, 148 N.M. 301, 236 P.3d 20 ("The six-month rule has become an unnecessary and sometimes counterproductive method for protecting a defendant's right to a speedy trial. Therefore, effective for all cases pending as of the date this Opinion is filed, we withdraw the six-month rule provisions set forth in Rule 5-604(B)-(E).") District courts are instead directed to utilize a speedy trial analysis when determining whether charges against a defendant should stand. *Savedra*, 2010-NMSC-025, ¶ 9. This rule change, however, only applies to those cases pending in the district court at the time *Savedra* was filed. *See id.*; *see also* Rule 5-604 (2010) Compiler's note (explaining that paragraph B, the time for commencement of trial in the district court, is withdrawn for cases pending *in the district court* on or after May 12, 2010); *see also N.M. Mining Comm'n v. United*

*Nuclear Corp.*, 2002-NMCA-108, ¶ 4, 133 N.M. 8, 57 P.3d 862 (reiterating a "case must be pending *in the tribunal that will be affected by the rule change* for Article IV, Section 34 [stating no act of the legislature shall affect the right or remedy of either party, or change the rules of evidence or procedure, in any pending case] to apply"); *State v. DeBaca*, 90 N.M. 806, 808, 568 P.2d 1252, 1254 (Ct. App. 1977) (explaining Article IV, Section 34 may apply to court rules as well as legislation); *but see State v. Pieri,* 2009-NMSC-019, ¶ 35, 146 N.M. 155, 207 P.3d 1132 (holding Article IV, Section 34 does not apply to court rules where the rule does not have the effect of a legislative act and applying rule change prospectively with limited retroactivity).  As Defendant's case was on appeal at the time the rule change was announced, we follow the Supreme Court's lead and analyze Defendant's claims under the old rule as in *Savedra*.  *See*, *e.g., Savedra*, 2010-NMSC-025, *¶* 10 (abolishing the six-month rule for district courts but applying the old rule to the defendants' cases).

Having determined that the six-month rule applies, we next address the State's argument that Defendant failed to preserve his argument on the six-month rule because he failed to cite to *Yates* in the district court, instead relying on earlier case law in which we analyzed whether the prosecution had a "bad reason" for dismissing charges in magistrate court and refiling in district court. *Compare State v. Rayburns*, 2008-NMCA-050, ¶ 10, 143 N.M. 803, 182 P.3d 786 (noting the state bears the

4

burden of demonstrating its actions were legitimate where it refiles a case in district court and fails to bring the case to trial within the six-month period that began in magistrate court and explaining the state must demonstrate its actions were not done for bad reasons or an improper purpose); *with State v. Yates*, 2008-NMCA-129, ¶ 5, 144 N.M. 859, 192 P.3d 1236 *aff'd by Savedra*, 2010-NMSC-025 (holding a defendant's decision to go to trial that might affect prosecutorial or judicial resources is generally insufficient to provide a basis for restarting the six-month rule upon a refiling in the district court). The State asserts our decision in *Yates* presented a "radically new analysis" which Defendant was obliged to point out to the district court. The State further argues Defendant relied on the continuation rules found in Rule 6-506A(D) NMRA, which applies to magistrate courts, rather than Rule 5-604, which applies to district courts.

Our review of the record and briefs indicates Defendant adequately preserved his issue for appellate review. "To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." *Woolwine v. Furr's, Inc.*, 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct. App. 1987). Here, Defendant specifically argued below that the trial should have been commenced on or before June 5, 2008, requesting that the district court give effect to the magistrate rule, Rule 6-506A. He argued where a case is

dismissed in magistrate court and the same case is refiled in district court, the six-month time period continues to run.

While Defendant may not have specifically cited to *Yates*, his assertions were sufficient to alert the district court to the substance of Defendant's argument. *See Garcia ex rel. Garcia v. La Farge*, 119 N.M. 532, 540, 893 P.2d 428, 436 (1995) (stating "[a]lthough [the] plaintiffs' due process arguments were not a model of clarity, and certainly could have been made with more specificity, they were sufficient to alert the [district] court and opposing counsel to the substance of the argument being made"); *see also State v. Granville,* 2006-NMCA-098, ¶ 16, 140 N.M. 345, 142 P.3d 933 (considering the issue to be preserved where the court was "armed with the legal assertions and facts necessary" to rule on the issue and the opposing party had the opportunity to respond). Moreover, we disagree with the State's characterization of our decision in *Yates* as a radical departure. As we noted in *Yates,* our decision in that case is consistent with our previous decisions in that the Court must conduct a balancing test when making its decision about whether to restart the six-month time period and that "[i]n openly acknowledging that this balancing occurs, we are not creating new law." *Yates,* 2008-NMCA-129, ¶ 9.

**III.    Standard of Review**

Moving to the merits of the present case, we conduct a de novo review of a trial court's application of the six-month rule. *State v. Carreon*, 2006-NMCA-145, ¶ 5, 140 N.M. 779, 149 P.3d 95, *abrogated on other grounds by Savedra*, 2010-NMSC-025; *see also State v. Cardenas*, 2003-NMCA-051, ¶ 4, 133 N.M. 516, 64 P.3d 543 ("The district court's application of Rule 5-604 is subject to de novo review."). We review the trial court's determination regarding questions of historical fact, however, with the deference of the substantial evidence standard. *See State v. Bolton*, 1997-NMCA-007, ¶ 13, 122 N.M. 831, 932 P.2d 1075, *abrogated on other grounds by Savedra*, 2010-NMSC-025. "[A] de novo standard is applied to determine the type of reasons that will justify a dismissal . . . or the type of analysis that should be utilized in these cases." *Id.*

**IV.    The District Court Should Have Dismissed Defendant's Case for Violation of the Six-Month Rule**

As in our previous cases where the State has chosen to nolle prosequi a case in magistrate court and refile in district court, there are a few different rules at play in this case. District court Rule 5-604(B) requires, in relevant part, the trial of a criminal case in district court shall be commenced six months after either the date of arraignment or waiver of arraignment, whichever occurs later. Similarly, magistrate court Rule 6-506 requires a defendant's trial to commence within 182 days of a triggering event, absent permissible extensions. Finally, magistrate court Rule 6-

7

506A(D) states that in refiled cases in magistrate court "the case shall be treated as a continuation of the same case, and the trial on the refiled charges shall be commenced within the unexpired time for trial pursuant to Rule 6-506 NMRA, unless the court, after notice and a hearing, finds the refiled complaint should not be treated as a continuation of the same case."

The question is whether the refiling of the charges in district court restarts the time line with regards to the running of the six-month period that originally began to run in magistrate court. We recognize we have previously approved the practice of filing cases in district court where it is known the defendant would appeal de novo to the district court. However, as explained in *Yates*, we have since limited that practice, explaining that similarly-situated defendants should be treated alike even when their prosecutions are initiated in the magistrate court. *See, e.g., Yates*, 2008-NMCA-129, ¶ 11; *Carreon*, 2006-NMCA-145, ¶ 10. As this Court noted in *Yates,* the magistrate court rules adopt a default rule by which the six-month rule clock is not automatically reset by the dismissal and refiling. *Yates*, 2008-NMCA-129, ¶ 2. Instead, resetting the six-month rule clock upon the refiling of the same charges is the exception, not the norm. *Id.* Prosecutors may do as they wish by voluntarily dismissing charges brought in magistrate court, Rule 6-506A(A), but in view of Rule 6-506A(D) prosecutors should not expect to routinely be relieved of the sixth-month rule consequences

8

triggered by the first prosecution." *Yates,* 2008-NMCA-129, ¶ 2.  We further explained:

> The interests served by the six-month rule are substantially the same when a case is filed in magistrate court, dismissed, and refiled in magistrate court and when a case is filed in magistrate court, dismissed, and refiled in district court. Similarly-situated defendants ought to be afforded similar rights. The principle that like should be treated alike inclines us to afford all defendants whose prosecutions are initiated in magistrate court the benefit of Rule 6-506A(D), regardless of whether the State refiles the charges in magistrate court or district court.

*Id.* ¶ 5.  *Yates* therefore reconciles Rules 5-604(B), 6-506A(D), and 6-506(B) by affording the protection in Rule 6-506(D) to those cases refiled in district court.  *Yates*, 2008-NMCA-129, ¶¶ 9-11.  This analysis was later approved by our Supreme Court in *Savedra*. 2010-NMSC-025, ¶ 4.

Here, the prosecutor apparently felt refiling would conserve prosecutorial and judicial resources as the case was likely to be complex and Defendant was likely to appeal an adverse judgment.  Based on this, the district court found the refiling had been done in good faith and not in order to avoid time limits.  Given recent case law on this subject, we cannot agree with the district court's analysis as it places too much emphasis on the prosecutor's subjective motive.  Accordingly, we hold the district court should have dismissed the case against Defendant because the State's wish to conserve judicial resources is insufficient to overcome the State's burden and to restart the six-month time period.

In an effort to avoid application of *Yates*, the State further asserts *Yates* should not apply retroactively, equating the *Yates* decision to an amendment to Rule 5-604. We disagree with the State's characterization of the decision in *Yates* as an amendment to the rule. While this Court will not generally retroactively apply a rule change to the tribunal which is affected by the rule, we reiterate that our decision in *Yates* was consistent with our general policy of conducting a balancing test in these types of cases. 2008-NMCA-129, ¶¶ 9, 11. As previously stated, "[i]n openly acknowledging that this balancing occurs, we are not creating new law." *Id.* ¶ 9. As in *Yates*, we "adhere to our conclusion in *Carreon* that 'the mere existence of the prosecutorial policy of dismissing every magistrate court case that is not settled before the six-month deadline is insufficient to sustain the State's burden.'" *Yates*, 2008-NMCA-129, ¶ 11 (citation omitted).

We also acknowledge this case differs somewhat from *Yates* in that *Yates* only involved a uniform policy of never trying a DWI case in magistrate court, while this case also involves the State's assertion it was refiling because of the possible complexity of the case. However, this argument was not raised by the State and we therefore decline to address it. *See In re Doe*, 98 N.M. 540, 541, 650 P.2d 824, 825 (1982) (cautioning against appellate court deciding issues on grounds not raised in briefing); *Campos Enters., Inc. v. Edwin K. Williams & Co.*, 1998-NMCA-131, ¶ 12,

10

125 N.M. 691, 964 P.2d 855. Moreover, both of these reasons are centered on judicial economy and the State concedes that under *Yates*, where the State refiles because of judicial economy, the State "does not get a new six-month period in district court—regardless of whether there was improper motive or intent to circumvent."

Lastly, we note the State argues *Yates* was incorrectly decided by the Court of Appeals. However, as previously explained in this opinion, *Yates* was recently upheld by the Supreme Court in *Savedra*.

**V.    Conclusion**

Accordingly, we hold the six-month rule began to run continuously from the date of Defendant's arraignment in magistrate court and the six-month period expired in district court before Defendant was brought to trial. The charges against Defendant should therefore have been dismissed based on a violation of the six-month rule. We therefore reverse.

**IT IS SO ORDERED**.

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

11

_____

**LINDA M. VANZI, Judge**