This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-37024

**BAYVIEW LOAN SERVICING, LLC,**

Plaintiff,

v.

**ANTHONY MARTINEZ; GLORENE L. MARTINEZ a/k/a GLORENE L. GARRISON; BANK OF THE WEST; and DESERT RIDGE TRAILS HOMEOWNERS ASSOCIATION, INC.,**

Defendants,

_____

**IN RE ROSE L. BRAND,**

Attorney-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**C. Shannon Bacon, District Judge**

Rose L. Brand & Associates, P.C.
Elizabeth M. Dranttel
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** Attorney Rose L. Brand appeals a district court order sanctioning her for violating a court order and local rule. Because we conclude the district court erred in determining the court order was violated and in applying the local rule in this case, we reverse.

## BACKGROUND

**{2}** This matter arose out of mortgage foreclosure proceedings initiated by Rose L. Brand & Associates, P.C. (RLBA) on behalf of its client, Plaintiff Bayview Loan Servicing, LLC.[1] Soon after the proceedings began, the district court ordered the parties to participate in the Second Judicial District Court's Foreclosure Settlement Program (FSP), through which settlement conferences, or facilitations, for parties to foreclosure actions are conducted. The referral order provided that a settlement facilitation would be scheduled, and that "[e]ach attorney of record or self-represented party shall attend the settlement facilitation in person, and shall ensure the attendance of necessary parties who have full and final settlement authority at the entire settlement facilitation." A local rule of general applicability governing settlement facilitation in the Second Judicial District Court separately provides, "The following shall attend and be present in person during the entire conference: each party of record including parties represented by counsel; each counsel of record who will be trying the case; and, for each party, the person or persons with complete authority to settle the case." Rule LR2-602(G) NMRA.

**{3}** The district court began sanction proceedings against both Jennifer L. Isom, an attorney at RLBA, and Plaintiff, following Plaintiff's alleged failure to appear at the court-ordered settlement conference with the FSP. Isom arrived at the scheduled settlement conference with a "power of attorney" executed by Plaintiff, giving her full and final authority to settle the matter. Isom did not arrange for a representative of Plaintiff to attend in person because she believed the "attendance of necessary parties" provision of the referral order was satisfied by her presence as a person with "full and final settlement authority."

**{4}** When the settlement facilitator learned that a representative of Plaintiff would not appear, she canceled the conference and alerted the district court. The district court responded by issuing a show-cause order requiring Plaintiff and Isom to show cause why they should not be held in contempt of court "due to [Plaintiff's] failure to appear at the settlement conference . . . with the [FSP]."

**{5}** Isom and another RLBA attorney, Elizabeth Dranttel, appeared at the show-cause hearing. The district court first took testimony from the settlement facilitator. Dranttel then explained why RLBA's procurement of the power of attorney satisfied the referral order's provision requiring the attendance of necessary parties with full and final settlement authority. While the district court judge seemed to acknowledge that the power of attorney could technically fulfill the referral order's "necessary parties" attendance requirement, the judge nevertheless determined that Plaintiff and RLBA were still in violation of the local rule because the rule required at least two individuals to attend the facilitation.

---

[1]Bayview Loan Servicing, LLC was later succeeded in the action by Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust as Owner Trustee of the Residential Credit Opportunities Trust III. Because the distinction between the entities is irrelevant to our analysis, we refer to both as "Plaintiff."

**{6}** Ultimately, the district court concluded that Plaintiff and RLBA violated both the referral order and the local rule. The district court then ordered RLBA to pay a $3,000 fine as a sanction for its conduct, pursuant to Rule LR2-602(G).[2] The next day, the district court issued the sanction order that is the subject of this appeal. In relevant part, the order states that "Plaintiff's counsel Rose L. Brand's conduct, in failing to have . . . Plaintiff attend, in person, the [FSP] facilitated mediation . . . was in violation of the [c]ourt's [o]rder of [r]eferral and Rule LR2-602(G)."

## DISCUSSION

### I.    Notice of Appeal

**{7}** As a preliminary matter, we address a discrepancy between the district court's oral ruling and its ensuing written order, which affected the notice of appeal. The district court made clear at the show-cause hearing that the sanction against counsel was not aimed at any individual attorney, but rather at RLBA as a firm. Yet the order refers to "Plaintiff's counsel Rose L. Brand's conduct" and requires "Rose L. Brand" to pay the $3,000 fine. This is in spite of the fact that Brand, in her individual capacity, never appeared as counsel in the foreclosure action or in the sanction proceedings. In light of these circumstances, we understand the order to inadvertently omit "& Associates, P.C." in its references to "Rose L. Brand" and, thus, to sanction RLBA. *Cf. Hopkins v. Wollaber*, 2019-NMCA-024, ¶ 11, 458 P.3d 583 (noting that we may rely on the record for aid in construing an ambiguous court order).

**{8}** Apparently for the sake of presuming correctness in the sanction order, Brand filed a notice of appeal that accorded with the order's language—that is, an appeal in her own name, not that of RLBA. We consider this a technical defect in the notice of appeal and overlook it, partly because it stemmed from the district court's error. *See State v. Ngo*, 2001-NMCA-041, ¶ 9, 130 N.M. 515, 27 P.3d 1002 (treating as a technical, not jurisdictional, defect the erroneous omission of the proper party name in a notice of appeal); *Trujillo v. Serrano*, 1994-NMSC-024, ¶¶ 1, 19, 20, 117 N.M. 273, 871 P.2d 369 (reversing the dismissal of an appeal, notice of which was untimely, where the procedural defect was due to court error). Additionally, the intent to bring the appeal in the name or on behalf of RLBA, the sanctioned party, is clear. *See Mitchell v. Doña Ana Sav. & Loan Ass'n, F.A.*, 1991-NMSC-007, ¶ 7, 111 N.M. 257, 804 P.2d 1076 (overlooking error in the designation of the appellant where this Court and "all those concerned" knew who was prosecuting the appeal). We thus consider this appeal as having been brought by RLBA, and we proceed with our examination of whether the district court erred by sanctioning the firm.[3] *Cf. id.* ¶¶ 2, 10 (considering an appeal of an order sanctioning an attorney, which was erroneously filed in the client's name, as having been filed in the attorney's name and as worthy of review on the merits).

---

[2]The district court also sanctioned Plaintiff. We do not review that sanction, however, since Plaintiff has not appealed this ruling and is not a party to this appeal.

[3]Because we construe the sanction order as having no application to Brand, we do not address the separate argument she raises for reversal of the sanction order against her.

## II.    Sanction Order

**{9}** We ordinarily review a district court's imposition of sanctions for an abuse of discretion. *See State v. Lucero*, 2017-NMCA-079, ¶¶ 14, 15, 406 P.3d 530 (reviewing for abuse of discretion a district court's application of a local rule requiring sanctions); *Weiss v. THI of N.M. at Valle Norte, LLC*, 2013-NMCA-054, ¶ 15, 301 P.3d 875 (applying an abuse of discretion standard on review of Rule 1-037(B)(2) NMRA sanctions); *Landess v. Gardner Turf Grass, Inc.*, 2008-NMCA-159, ¶ 16, 145 N.M. 372, 198 P.3d 871 (same, but for Rule 1-011 NMRA sanctions). "An abuse of discretion occurs when the court's ruling is clearly against the logic and effect of the facts and circumstances of the case or is based on a misunderstanding of the law." *Tran v. Bennett*, 2018-NMSC-009, ¶ 30, 411 P.3d 345 (internal quotation marks and citation omitted).

**{10}** RLBA makes various arguments to support its position that the sanction against it is unwarranted—including that the district court erred in determining RLBA's conduct violated the referral order and that the district court erred in applying Rule LR2-602(G) in this case. We hold that the district court erred in its determination that RLBA violated the referral order. We further hold that the district court erred in applying Rule LR2-602(G)'s attendance requirements in this case, in the absence of any indication in the record that, prior to engaging in the sanctioned conduct, RLBA had notice that such requirements applied.

## A.    The Referral Order

**{11}** As noted, the referral order's attendance provision reads, "Each attorney of record or self-represented party shall attend the settlement facilitation in person, and shall ensure the attendance of necessary parties who have full and final settlement authority." It is undisputed that Isom was the attorney of record for Plaintiff and attended the settlement conference. The question is whether she "ensure[d] the attendance of necessary parties who have full and final settlement authority." The district court apparently interpreted this clause as requiring that Isom ensure the attendance of a separate, non-attorney representative for Plaintiff. RLBA, in contrast, interpreted this clause as satisfied through Isom's own attendance, given that she was a person with full and final settlement authority conveyed to her through the power of attorney executed by Plaintiff. We agree with RLBA.

**{12}** The referral order plainly does not state that the person satisfying the "attorney of record or self-represented party" clause must be different from the person satisfying the "necessary parties" clause. Moreover, such a requirement would be illogical in certain circumstances. For example, it would make little sense to demand that a self-represented party possessing complete settlement authority produce an additional attendee with full and final settlement authority—logically, the presence of the one person serving multiple roles would satisfy both attendance requirements. By the same token, an attorney with settlement authority might serve multiple roles, thereby doing away with the need to produce a separate attendee for each category. *See Augustus v.*

*John Williams & Assocs., Inc.*, 1979-NMSC-002, ¶ 9, 92 N.M. 437, 589 P.2d 1028 (recognizing that "[a] client may give his attorney special or express authority to compromise or settle his cause of action" (internal quotation marks and citation omitted)); *see also* NMSA 1978, § 36-2-11 (1909) (establishing powers that attorneys possess, including the power to bind a client to an agreement).

**{13}**   In this case, Plaintiff transferred its full and final settlement authority to Isom, leaving her in a position to serve multiple roles: that of attorney and that of the necessary party with full and final settlement authority. *Cf. Augustus*, 1979-NMSC-002, ¶ 9. Under these circumstances, Isom's presence met the referral order's requirements, and the district court thus erred in concluding that RLBA violated the referral order.

**{14}**   Even if we were not satisfied that RLBA complied with the referral order—that is, if we were to accept that the referral order's attendance provision was susceptible to a different interpretation—our conclusion remains. This Court has previously observed that a party sanctioned for violating a court order may challenge the sanction on the grounds that the order was ambiguous and, as such, deprived the party of "fair or reasonable notice of what conduct was sanctionable[.]" *Carlsbad Hotel Assocs., L.L.C. v. Patterson-UTI Drilling Co.*, 2009-NMCA-005, ¶ 25, 145 N.M. 385, 199 P.3d 288; *see also In re State ex rel. Children, Youth & Families Dep't*, 2015-NMCA-093, ¶ 14, 356 P.3d 26 ("Because knowledge of the district court's order is a prerequisite to contempt, the district court's order must not be ambiguous."), *rev'd on other grounds by State ex rel. Children, Youth & Families Dep't v. Mercer-Smith*, 2019-NMSC-005, 434 P.3d 930. To the extent, if any, that Isom's presence at the settlement conference did not simultaneously satisfy the referral order's "attorney of record" and "necessary parties" requirements, the order was detrimentally ambiguous on the matter.

**{15}**   As discussed, the referral order does not clarify that the attorney of record and the party with full and final settlement authority could not be one and the same. Clarification on that point came only at the show-cause hearing, when Dranttel argued that an attorney with settlement authority "steps into the shoes" of the client. The district court judge at first appeared to countenance the proposition. The judge then clarified that "[the use of a power of attorney] will not be accepted by this [c]ourt—and I can speak for all ten of [the civil judges]—will not be accepted. . . . I'm just letting you know so it doesn't happen again."

**{16}**   As the judge's statement reveals, only at the show-cause hearing did the district court clarify how it would interpret the referral order's attendance provision and, correspondingly, give notice that it deemed sanctionable Isom's failure to ensure Plaintiff's separate attendance at the settlement conference, regardless of the transfer of settlement authority. The notice came after RLBA engaged in what the court considered sanctionable conduct and was therefore not fair and reasonable. *See Carlsbad Hotel Assocs.*, 2009-NMCA-005, ¶ 25 (indicating that a sanctioned party could raise as a defense to a sanction the "lack of fair or reasonable notice of what conduct was sanctionable"); *see also* 56 Am. Jur. 2d *Motions, Rules, and Orders* § 51 (2020) ("[T]he order of [a] court must be sufficiently clear and specific to allow a party to

determine with reasonable certainty what it is required to do. The specificity of an order's terms generally is tested by . . . the express language of the terms themselves, without depending upon clarification or interpretation at future hearings or otherwise."); 17 C.J.S. *Contempt* § 24 (2020) ("While a court's order which requires inferences or conclusions about which reasonable persons might differ is insufficient to support a judgment of contempt, only reasonable alternative constructions prevent enforcement of the order."); *cf. State v. Cherryhomes*, 1992-NMCA-111, ¶¶ 1, 4, 10, 13, 114 N.M. 495, 840 P.2d 1261 (affirming a sanction against an attorney for wearing a bandanna as a tie in court, where the attorney, who was under a local rule-based order to wear a "tie" while in court, timely understood that the court interpreted the term to not include a bandanna).

**{17}** In sum, RLBA's conduct either did not constitute a violation of the referral order's attendance provision or conformed to a reasonable, unimpeached interpretation of the provision. The district court therefore abused its discretion insofar as it sanctioned RLBA for violating the referral order.

**B.      Applicability of Rule LR2-602(G)**

**{18}** In contrast to the position RLBA takes regarding the referral order—that it complied by having an attorney with full and final settlement authority present at the settlement conference—RLBA observes that the local rule "requires attendance of all the enumerated parties," including "all parties of record." RLBA thus acknowledges that the attendance requirements in Rule LR2-602(G) are more demanding than those in the referral order and seems to concede that RLBA's failure to ensure the attendance of a separate representative for Plaintiff violated the local rule.[4] RLBA, however, argues that the more demanding local rule does not apply in this case and its conduct therefore should not be judged against it. In particular, RLBA argues that the district court erred in applying the more generally applicable terms of Rule LR2-602 over those of the referral order, which was directed specifically at the parties to this case; and, alternatively, even if Rule LR2-602 applies, Plaintiff reasonably considered the referral order controlling. We agree with RLBA but resolve the matter on somewhat different grounds.

**{19}** While we normally might not hesitate to enforce compliance with *both* general rules of procedure and more specific court orders, we will not enforce compliance with a local rule when a district court order alters or relaxes the requirements of that rule. *See United Nuclear Corp. v. Gen. Atomic Co.*, 1980-NMSC-094, ¶ 10, 96 N.M. 155, 629 P.2d 231 ("[T]his Court fully expects compliance with its rules of procedure in general and its specific orders in particular[.]"); *James v. Brumlop*, 1980-NMCA-043, ¶¶ 14-15, 94 N.M. 291, 609 P.2d 1247 (holding that, once a local rule deadline was waived for

---

[4]RLBA, however, contends that the sanction provision in Rule LR2-602(G) is more forgiving than the attendance provision and that sanctions therefore are only mandatory when a representative with full settlement authority is absent. *See* Rule LR2-602(G) (stating in relevant part that "the court shall impose sanctions for the failure to attend the settlement conference or have present all necessary parties or their representatives with settlement authority, except on a showing of good cause"). Because we determine that the district court erred in applying Rule LR2-602(G) in this case, we do not reach this contention by RLBA.

one party, reimposition of the local rule deadline on the opposing party and without prior notice was error). This appears to be such a case.

**{20}** In its referral order, the district court set out attendance requirements that vary from the requirements in the local rule. Rule LR2-602(G) compels the attendance of "each party of record including parties represented by counsel; each counsel of record who will be trying the case; and, for each party, the person or persons with complete authority to settle the case." The district court interpreted this provision to compel the attendance of at least two individuals, and RLBA has conceded it compels the attendance of a party of record. In contrast, the referral order, in relevant part, compels only the appearance of "each attorney of record" and requires the attorney to "ensure the attendance of necessary parties who have full and final settlement authority." By omitting the "party of record" requirement, the referral order relaxed the attendance requirements in the local rule.[5]

**{21}** The district court's relaxation or waiver of the attendance requirements in Rule LR2-602(G), through the referral order, is specifically authorized by the rule. *See* Rule LR2-602(G) (providing that the attendance provision "may be waived only by written order of the assigned judge"). And as this Court previously has held, such an action "is clearly within the power of the [district] court; it has inherent power to relax or modify its own rules where justice so requires[.]" *James*, 1980-NMCA-043, ¶ 13; *see also Lovelace Med. Ctr. v. Mendez*, 1991-NMSC-002, ¶ 17, 111 N.M. 336, 805 P.2d 603 (observing that "it is always within the discretion of a court or an administrative agency to relax or modify its procedural rules adopted for the orderly transaction of business before it when in a given case the ends of justice require it" (alteration, internal quotation marks, and citation omitted)).

**{22}** When, however, a district court relaxes or waives the requirements of a local rule, the court may not then reimpose those requirements without first giving notice to the affected party. *See James*, 1980-NMCA-043, ¶ 15 (concluding that while "[i]t is not the function of a reviewing court to substitute its own interpretation of a local rule for that of the court which promulgated the rule[,]" "the rule, once waived with respect to one party, should be considered waived as to both in the absence of any contrary indication [to the affected party] by the court"); *see also State v. Cardenas*, 2003-NMCA-051, ¶¶ 6, 10, 133 N.M. 516, 64 P.3d 543 (holding that, notwithstanding our usual deference to a district court's interpretation of its local rules, a party would not be expected to follow a rule-based "local practice" where the party did not receive adequate notice of the local practice). We thus examine the record to determine whether RLBA received notice of

---

5Even if the district court did not intend, through the referral order, to alter the terms of Rule LR2-602, the order made the ongoing applicability of the local rule in this case unclear. And as previously explained, RLBA cannot be held to account for incorrectly guessing the district court's intent from an ambiguous court order. *See Carlsbad Hotel Assocs.*, 2009-NMCA-005, ¶ 25; *see also State ex rel. Patton v. Marron*, 1917-NMSC-039, ¶ 50, 22 N.M. 632, 167 P. 9; *In re State ex rel. Children, Youth & Families Dep't*, 2015-NMCA-093, ¶ 14.

the continued applicability of Rule LR2-602(G), notwithstanding the referral order's relaxation of that rule.

{23}  There is no mention of Rule LR2-602 in the referral order. Indeed, based on our comparison of the referral order and the local rule, there is little, if anything, in the referral order that would signal Rule LR2-602's continued applicability. Instead, the referral order establishes a comprehensive set of rules for participation in the FSP that, in large part, appear to operate in lieu of the provisions in Rule LR2-602. In addition to the variance between the attendance requirements in the local rule and referral order, there are numerous other examples of variance. For instance, instead of Rule LR2-602(H)'s requirement that parties provide certain materials to the facilitators, the referral order has numerous and specific requirements about the submission and review of a homeowner's loss mitigation application. There are other requirements that directly conflict. For instance, under the referral order, the settlement facilitator can be replaced only if the facilitator's "impartiality may reasonably be questioned[,]" while Rule LR2-602(L) permits any party to request replacement of the facilitator without providing any explanation. Finally, there are numerous special rules in the referral order pertaining specifically to foreclosure cases, such as stays and mandatory workshops for homeowners, that are absent from the local rule. *See generally* Rule LR2-602. Instead of signaling that the local rule still has effect in this case, the comprehensive coverage of the FSP in the referral order leaves little room for the local rule's application.

{24}  Elsewhere in the record, there is no indication that, after the filing of the referral order, the local rule continued to apply or that RLBA had reason to know the district court intended its continued application. The notice of settlement facilitation does not reference Rule LR2-602. And when Plaintiff's in-person attendance became an issue at the settlement conference, the facilitator directed RLBA to the referral order, not the local rule. Likewise, RLBA's defense at the show-cause hearing focused on its compliance with the referral order.

{25}  In fact, the first mention of Rule LR2-602(G) in the record occurred halfway through the show-cause hearing when the district court judge cited its requirements as a basis for sanctioning RLBA. And even though the district court judge took the position that Rule LR2-602(G)'s attendance requirements continued to apply in this case, the judge recognized the lack of clarity surrounding this issue. In discussing the local rule's application, the judge stated, "And I am happy, more than happy—if it makes it more clear to everyone, I am more than happy to put [Rule] LR2-602 in [the] order of referral." The district court judge's elucidation of her intent to have Rule LR2-602(G) apply in this case and the judge's offer to clarify the referral order in the future—coming as it did well after the sanctioned conduct occurred—was simply too late. *See Cherryhomes*, 1992-NMCA-111, ¶¶ 1, 10 (observing that "[w]e must first determine whether an order existed that was sufficient to put [the sanctioned attorney] on notice of what was required of him[,]" prior to affirming a contempt sanction); *see also Ngo*, 2001-NMCA-041, ¶¶ 13-14, 16-21 (affirming one sanction against an attorney where he "knew of his duty to disclose [a] witness," yet failed to, and reversing a second sanction where the district

court failed to give him a specific warning that his conduct would constitute a violation of its evidentiary ruling).

**{26}** In sum, RLBA lacked notice, before engaging in the sanctioned conduct, that the more demanding attendance requirements in the local rule applied in this case, notwithstanding the referral order's relaxation of those requirements. The district court therefore abused its discretion when it sanctioned RLBA for violating Rule LR2-602(G).

**CONCLUSION**

**{27}** For the foregoing reasons, we reverse the portion of the district court's sanction order sanctioning RLBA.

**{28} IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**KRISTINA BOGARDUS, Judge**