This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39960**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**COBY WARREN,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G. W. Shoobridge, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Leland M. Churan, Assistant Attorney General
Albuquerque, NM

for Appellee

Brian A. Pori
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Defendant Coby Warren pleaded no contest to the use of a telephone to terrify, intimidate, threaten, harass, annoy or offend, contrary to NMSA 1978, Section 30-20-12 (1967), a misdemeanor offense. Defendant appeals the denial of a motion to dismiss that followed this Court's initial affirmance of the underlying judgment and sentence. Defendant raises two issues on appeal: (1) the district court violated his right to due process of law and his right to speedy imposition of his criminal sentence; and (2) the

district court failed to conduct an evidentiary hearing on his motion to dismiss. We affirm.

## BACKGROUND

**{2}** Defendant entered a conditional plea of no contest in July 2018, in which he reserved the right to appeal New Mexico's jurisdiction to prosecute this case and whether the actions that gave rise to the complaint were protected by the First Amendment of the United States Constitution. The district court sentenced Defendant to a suspended three hundred and sixty-four days of confinement. The district court then imposed a ten-month term of probation and ordered Defendant to report to the misdemeanor compliance program by 2:00 p.m. that same day.

**{3}** Defendant appealed but neither challenged the sentence nor requested to stay the imposition of his sentence pending appeal. This Court affirmed Defendant's judgment and sentence and issued a mandate in June 2019. *See State v. Warren*, A-1-CA-37589, mem. op. ¶ 6 (N.M. Ct. App. Feb. 19, 2019) (nonprecedential). In March 2021, Defendant filed a motion to dismiss, claiming the State failed to bring him to trial within six months after receiving the mandate from the Court of Appeals, and therefore under Rule 5-608(B)(4) NMRA, his "plea, conviction, and judg[]ment and sentence should be set aside as a matter of law." The district court denied Defendant's motion. This appeal followed.

## DISCUSSION

**{4}** Defendant first argues that the district court violated his right to due process of law and speedy imposition of a criminal sentence because it did not enforce the judgment and sentence after this Court issued its mandate. "[A]lthough our appellate courts have never explicitly recognized a right to speedy sentencing," *State v. Wood*, 2022-NMCA-009, ¶ 23, 504 P.3d 579, Defendant claims that "a reviewing [c]ourt can conclude the imposition or execution of a criminal sentence violates . . . Defendant's state and federal constitutional right to due process." *C.f. State v. Lopez*, 2018-NMCA-002, ¶¶ 10-13, 410 P.3d 226 (discussing the frameworks that various courts have used when analyzing situations where "defendants have faced delays in the imposition of a sentence"); *State v. Calabaza*, 2011-NMCA-053, ¶ 12, 149 N.M. 612, 252 P.3d 836 (recognizing that a delay in enforcement of a sentence may result in a violation of a defendant's due process rights).

**{5}** However, as the State argues, Defendant did not preserve an argument regarding the "alleged delay in executing" Defendant's sentence. *See State v. Montoya*, 2015-NMSC-010, ¶ 45, 345 P.3d 1056 ("In order to preserve an issue for appeal, a defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon." (internal quotation marks and citation omitted)); *see also State v. Leon*, 2013-NMCA-011, ¶ 33, 292 P.3d 493 ("We generally do not consider issues on appeal that are not preserved below." (internal quotation marks and citation omitted)). Defendant based his underlying motion

to dismiss on the district court's failure to bring him to trial within six months of this Court's mandate affirming his judgment and sentence. He limited his argument to the application of Rule 5-604(B)(4) NMRA, which required "the trial of a criminal case [to commence] within six months of the date the mandate or order disposing of an appeal is filed with the district court." *See State v. Cardenas*, 2003-NMCA-051, ¶ 4, 133 N.M. 516, 64 P.3d 543. Defendant made no mention of a right to speedy imposition of a sentence or the due process argument he now raises on appeal. We therefore decline to review this unpreserved claim.

**{6}** Defendant next argues that the district court erred by failing to hold an evidentiary hearing on his motion to dismiss. This argument is problematic because this Court affirmed his judgment and sentence and our Supreme Court withdrew the rule upon which Defendant based his motion to dismiss more than a decade before Defendant filed his motion. *See State v. Savedra*, 2010-NMSC-025, ¶ 9, 148 N.M 301, 236 P.3d 20 ("[E]ffective for all cases pending as of the date this [o]pinion is filed, we withdraw the six-month rule provisions set forth in Rule 5-604(B)-(E)"); *see also State v. Sanders*, 1970-NMSC-123, ¶ 6, 82 N.M. 61, 475 P.2d 327 ("Where the motions, files and record of the case show conclusively . . . that [the] defendant is not entitled to relief, a hearing is not required.").

**{7}** With regard to Defendant's contention that he was unable to present facts demonstrating prejudice resulting from the alleged delay in enforcing his sentence, we reiterate that Defendant did not base his motion to dismiss upon the alleged delay in the enforcement of his sentence. As such, we decline to review this unpreserved claim of prejudice. *See Montoya*, 2015-NMSC-010, ¶ 45.

**{8}** Finally, the record does not reveal why Defendant did not present himself to the misdemeanor compliance program to commence service of his probation at any point. *See State v. Rivera*, 2004-NMSC-001, ¶ 24, 134 N.M. 768, 82 P.3d 939 (holding that a defendant's probationary sentence may run during the pendency of his appeal); Rule 5-402(C) NMRA (granting the district court the power to set conditions of release pending appeal). To the extent we understand Defendant to argue that he was not required to do so until the district court held an evidentiary hearing following our mandate *affirming* his judgment and sentence, he cites no rule in support of this assertion and we are otherwise unaware of one. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists.").

**CONCLUSION**

**{9}** For the foregoing reasons, we affirm.

**{10} IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**MEGAN P. DUFFY, Judge**