**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**Opinion Number: 2009-NMSC-030**

**Filing Date:  June 17, 2009**

**Docket No. 31,372**

**RICHARD D. DURAN,**

      **Petitioner,**

**v.**

**HON. GEORGE P. EICHWALD,
DISTRICT COURT JUDGE,
THIRTEENTH JUDICIAL DISTRICT COURT,**

      **Respondent,**

**and**

**BOGLARKA FOGHI, ASSISTANT DISTRICT
ATTORNEY, and LEMUEL MARTINEZ,
THIRTEENTH JUDICIAL DISTRICT ATTORNEY,**

      **Real Parties in Interest.**

**ORIGINAL PROCEEDING**

Daniel J. Tallon
Albuquerque, NM

for Petitioner

Boglarka Foghi, Assistant District Attorney
Bernalillo, NM

Lemuel Lawrence Martinez, District Attorney
Grants, NM

for Real Parties in Interest

**OPINION**

1

**PER CURIAM.**

**{1}** We are faced in this case with the difficult task of dismissing a criminal prosecution without a trial on the merits because of the prosecution's failure to bring this matter to trial in a timely manner. The charges of child abuse alleged in this case are, of course, serious ones, which we do not dismiss lightly. But for the reasons set forth below, we conclude that dismissal is the only option available to us under the circumstances of this case. We nevertheless take this opportunity to express our dissatisfaction with the procedural dilemma posed by this case and take steps to provide our courts with greater discretion to address situations like this one in the future.

**BACKGROUND**

**{2}** The problem we must address in this extraordinary writ proceeding has its origins in a prior proceeding before this Court filed under Rule 5-604 NMRA of our Rules of Criminal Procedure for the District Courts. Rule 5-604(B), commonly referred to as the six-month rule, requires the commencement of trial in a criminal proceeding within six months of the latest of several different triggering events. If it becomes apparent that trial cannot commence within the six-month time period, the district court, for good cause shown, may extend the time for commencing trial up to an aggregate of six additional months. *See* Rule 5-604(C). Any additional extensions of time must be sought from this Court. *See* Rule 5-604(D).

**{3}** In the underlying criminal proceeding, the defendant (Petitioner, in this case), Richard D. Duran, was indicted for two counts of negligent child abuse resulting in great bodily harm, contrary to NMSA 1978, Section 30-6-1(D) (2005, as amended). Petitioner was arraigned on August 27, 2007, which therefore required the commencement of trial no later than February 27, 2008. *See* Rule 5-604(B)(1). Thereafter, the State petitioned and the district court granted a six-month extension of time, which extended the commencement of trial until August 27, 2008. On September 24, 2008, twenty-eight days after expiration of the trial deadline, the State filed a petition with this Court asking for an additional six-month extension of time until February 27, 2009. In its petition, the State represented that Mr. Duran objected to the petition for an extension of time and that the district court had set a definite trial setting for October 7, 2008. Mr. Duran did not file a response to the State's petition, and after the time for doing so had expired, this Court partially granted the State's request for an extension of time until November 28, 2008.

**{4}** On October 14, 2008, Mr. Duran filed with this Court a petition for a writ of prohibition or superintending control. Mr. Duran's petition asked this Court to reconsider its order granting the State an extension of time to commence trial and to enter an order prohibiting the district court from setting the underlying criminal proceeding for trial until this Court could rule on his petition. Mr. Duran represented that the State (1) never served him with a copy of the petition for extension of time filed in this Court, (2) never inquired

2

whether he opposed the request for an extension of time, (3) failed to obtain a definite trial setting from the district court as required by Rule 5-604(E), and (4) failed to disclose in its petition to this Court that Mr. Duran had already filed a motion to dismiss in the district court for violation of the six-month rule. After receiving the State's response and Mr. Duran's subsequent reply, we set the matter for hearing.

{5}     At the conclusion of the hearing, we announced our decision ordering the district court to dismiss the charges against Mr. Duran because the State failed to file a timely petition for extension of time and failed to establish any exceptional circumstances to excuse the delay. We also expressed our reluctance to dismiss the charges because of the public's interest in seeing the charges resolved on their merits. But because there was no alternative to dismissal under Rule 5-604, we also announced from the bench our decision to immediately suspend the operation of Paragraph F of the rule until further order of the Court, so that dismissal would not be automatically required in future cases like this one.

**DISCUSSION**

{6}     As noted above, the State failed to request an extension of time to commence trial from this Court until twenty-eight days after the expiration of the prior extension of time granted by the district court. Rule 5-604(E) provides that a petition for extension of time to commence trial "may be filed within ten (10) days after the expiration of the applicable time limit if it is based on exceptional circumstances beyond the control of the parties or trial court which justify the failure to file the petition within the applicable time limit." Because the State's untimely petition did not fall within the ten-day grace period in Paragraph E of the rule, the State forfeited its right to seek an extension of time from this Court. Moreover, for the reasons set forth below, even if the State's petition had been filed within the ten-day grace period, the State failed to establish exceptional circumstances to justify its untimely request for an additional extension of time.

{7}     Although the State filed its petition for extension of time with this Court twenty-eight days late, the petition failed to acknowledge the untimeliness nor did it recognize the need to establish exceptional circumstances justifying the untimely filing. During the hearing before this Court, the State conceded that the petition did not detail the exceptional circumstances justifying the delay in filing. In a belated attempt to provide that justification, the State sought to rely on the existence of ongoing plea negotiations and defense counsel's purported agreement several months earlier to concur in a request for an additional extension of time. We assume, without deciding, that plea negotiations were ongoing and that at one point defense counsel may have been willing to concur in an extension of time in furtherance of those plea negotiations. Nevertheless, neither circumstance explains nor justifies why it was beyond the State's control to at least request an extension of time from this Court in a timely manner. *See State v. Sandoval*, 2003-NMSC-027, ¶ 3, 134 N.M. 453, 78 P.3d 907 (recognizing that a timely petition is required under Rule 5-604 "[a]bsent exceptional circumstances beyond the control of the State or the trial court"); *cf. State v. Dominguez*, 2007-NMCA-132, ¶ 11, 142 N.M. 631, 168 P.3d 761 (noting that the prosecutor's inability

3

to reach defense counsel to obtain and state the defendant's position with respect to a petition for extension of time, did not prevent the prosecutor from timely filing the petition).

**{8}** We also reject the State's attempt to equate inadvertence with an exceptional circumstance, justifying the filing of the untimely petition. To do otherwise would allow prosecutorial neglect to swallow the requirement in the rule that exceptional circumstances beyond the control of the parties or court must be present if an untimely petition for extension of time is to be considered. By definition, neglect or inadvertence simply are not matters beyond the control of the prosecution. *See Dominguez*, 2007-NMCA-132, ¶ 11 (rejecting prosecutorial inadvertence due to a heavy caseload as an exceptional circumstance justifying the late filing of a petition for extension of time).

**{9}** Given the State's complete failure to establish exceptional circumstances justifying its untimely petition, and given that the petition was nonetheless filed beyond the ten-day grace period in Rule 5-604(E), dismissal of the charges with prejudice is mandatory. *See* Rule 5-604(F) (providing that when the trial of a person is not commenced within the time limits prescribed by the rule "the information or indictment filed against such person *shall* be dismissed with prejudice" (emphasis added)); *see also State v. Carreon*, 2006-NMCA-145, ¶ 6, 140 N.M. 779, 149 P.3d 95 (noting the mandatory nature of the word "shall"). While dismissal is unavoidable in this case, we are troubled by an outcome that precludes a trial on the merits because of a procedural rule violation for which there has not been a clear showing of prejudice to the accused. We do not mean to suggest that unnecessary delay is of no consequence to the accused. The mere fact that unresolved charges remain hanging over the accused can cause a great deal of anxiety and financial burden. *Cf. Salandre v. State*, 111 N.M. 422, 425, 806 P.2d 562, 565 (1991) (recognizing within the speedy trial context the prejudice that the accused can suffer from a delay in trial even if the defense itself is not impaired by the delay).

**{10}** The six-month rule is the mechanism by which we "assure prompt disposition of criminal cases." *State v. Cardenas*, 2003-NMCA-051, ¶ 12, 133 N.M. 516, 64 P.3d 543 (internal quotation marks and citation omitted). Accordingly, application of the six-month rule should account for the delay inherent in bringing cases to trial, but because the six-month rule gives district courts the authority to grant extensions up to twelve months, it is generally up to the district courts to keep cases moving toward trial with reasonable promptness. Therefore, we urge the district courts to rely on this rule to manage inordinate delay in prosecutions and grant extensions cautiously.

**{11}** That said, most procedural rule violations will not automatically result in a new trial or the outright dismissal of charges, unless the accused can demonstrate actual prejudice to the defense. *See generally State v. Padilla*, 2000-NMCA-090, ¶ 19, 129 N.M. 625, 11 P.3d 589 (noting that ordinarily a "harmless error analysis is applied where the procedural requirement determined to have been violated is thought to contribute to the reliability of the truth-finding process"). No showing of that kind of prejudice was established in this case, though of course, no such showing is required for a six-month rule violation. *See State v.*

4

*Cardenas*, 2003-NMCA-051, ¶ 12, 133 N.M. 516, 64 P.3d 543; *see also Padilla*, 2000-NMCA-090, ¶ 20 (noting also that a harmless-error analysis may be "inappropriate where the procedural right determined to have been violated serves 'an independent value besides reliability of the outcome'" (quoting *United States v. Lane*, 474 U.S. 438, 474 (1986) (Stevens, J., concurring in part, dissenting in part))).

**{12}** But even if we had the discretion not to impose dismissal for the six-month rule violation in this case, it would be just as troubling to let the State's tardiness and miscommunications pass without any sanction. In particular, as mentioned above, the circumstances of this case suggest that the State's petition may not have provided this Court with a full disclosure of all the relevant facts bearing on the State's request for an extension of time. For example, although the State's petition for extension of time contained a perfunctory statement that "Defendant objects to this Petition," the petition did not advise this Court that Mr. Duran had actually filed a motion to dismiss in district court because of the six-month rule violation. When asked at the hearing before this Court why the petition did not contain that information, the prosecutor represented that she was unaware of the motion to dismiss at the time the petition was filed with this Court. However, when asked to explain how the prosecutor ascertained whether defense counsel opposed or consented to the State's petition, the prosecutor inconsistently stated that she simply assumed the petition would be opposed, given that the defense had already filed a motion to dismiss in the district court.

**{13}** The prosecution fostered a similar misperception regarding whether the State had already obtained a definite trial setting from the district court in support of its extension request. *See* Rule 5-604(E) (requiring as part of the showing of good cause in the petition, "a statement of a definite trial date that the petitioner has already obtained from the district court within the time period of the extension request"). The petition included a statement of a definite trial date of October 7, 2008 and attached in support of that representation an amended scheduling order dated April 7, 2008. However, it came to light during the hearing before this Court that the April 7, 2008 scheduling order was replaced by a second amended scheduling order dated April 10, 2008, which changed the trial date to July 8, 2008, a date that was not within the period of the State's extension request. Moreover, during a hearing before the district court on June 27, 2008, the district court reminded the parties that the six-month rule was set to expire on August 27, 2008 and specifically alerted the prosecutor of the need to obtain a definite trial setting from the district court in anticipation of the State filing a request for an extension of time from this Court.

**{14}** In light of the State's failure to properly attend to its duties under the six-month rule, there must be some consequence for the State's missteps and miscommunications in this case. And while dismissal may seem like an excessive remedy, unfortunately, no less drastic remedies are available to us under the version of the six-month rule in effect for this case. Not having the discretion to consider lesser sanctions for the State's failure to bring this case to trial in a timely manner, we are left with no choice but to order the charges against Mr. Duran dismissed with prejudice.

5

**{15}** Because of our dissatisfaction with the way the dismissal provision of the six-month rule operated in this case, as noted above, we immediately suspended the provisions in Paragraph F of the rule as part of our ruling from the bench at the conclusion of the hearing in this case. Shortly after issuing the writ in this case, we subsequently amended Rule 5-604(F) and the corresponding versions of the six-month rule for courts of limited jurisdiction and the children's court, to give the lower courts and this Court the discretion to decide whether the failure to timely commence trial should result in dismissal of the charges or whether some other sanction would be more appropriate under the circumstances of the case, such as monetary sanctions against the attorney or a change in the defendant's conditions of release. *See* Supreme Court Order 08-8300-052 (amending to Paragraph F of Rule 5-604 to provide that upon violation of the rule the indictment or information "may be dismissed with prejudice or the court may consider other sanctions as appropriate"); *see also* Supreme Court Orders 08-8300-053 to -058 (amending Rules 6-506, 6-703, 7-506, 7-703, 8-506, 8-703, and 10-343 NMRA); Supreme Court Order 09-8300-003 (amending Rule 10-243 NMRA). In addition, we have directed our rules committees to consider whether to recommend different or additional revisions to the rules that might more effectively address the problems revealed by this case. In the interim, we expect that our six-month rule provisions, as currently amended, will be applied in a manner that holds the prosecution accountable for its duty to bring the accused to trial in a timely manner. Dismissal is no longer the only available sanction. Of course, if the trial of the case is not commenced on or before the deadline allowed by this Court, the matter shall be dismissed with prejudice.

**CONCLUSION**

**{16}** Because of the State's violation of Rule 5-604, this case is remanded to the district court to dismiss the pending charges against Defendant in cause number D-1329-CR-2007-439.

**{17}   IT IS SO ORDERED.**

_____

 **EDWARD L. CHÁVEZ, Chief Justice**


_____

**PATRICIO M. SERNA, Justice**


_____

**PETRA JIMENEZ MAES, Justice**


_____

**RICHARD C. BOSSON, Justice**


_____

6

**CHARLES W. DANIELS, Justice**

**Topic Index for *Duran v. Eichwald*, No. 31,372**

| **CA** | **CRIMINAL PROCEDURE** |
|---|---|
| CA-CP | Criminal Procedure, General |
| CA-DF | Delay in Filing |
| CA-DC | Dismissal of Charges |
| CA-TL | Time Limitations |