This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                      **No. 30,568**

**WILLIAM G. GILMORE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Daniel Viramontes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Ralph E. Trujillo, Assistant Attorney General
Albuquerque, NM

for Appellee

Turner Law Office
Robert F. Turner
Deming, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

The magistrate court denied Defendant William Gilmore's motion to dismiss for failure to bring his charges to trial within 182 days pursuant to Rule 6-506(B) NMRA, commonly referred to as "the six-month rule." Defendant pursued a de novo appeal of his ensuing conviction, where he again moved to dismiss under Rule 6-506(B). The district court denied the motion and Defendant was convicted. He appeals, contending that the district court erred in denying his motion to dismiss. Because Rule 6-506(E) grants the court discretion in determining whether to dismiss a complaint under the six-month rule and because Defendant has not shown an abuse of that discretion, we affirm his conviction.

**BACKGROUND**

In magistrate court in January 2009, Defendant was charged with driving while under the influence (DWI), open container of alcohol, and obstructed display of registration plate. On February 4, 2009, he waived arraignment. On August 27, 2009, the magistrate court denied his Rule 6-506(B) motion to dismiss and a jury found Defendant guilty of DWI and of having an open container of alcohol in his possession.

Defendant filed a notice of appeal for a trial de novo in the district court. He filed a motion to dismiss based, in part, on the State's failure to bring him to trial within 182 days pursuant to Rule 6-506(B). In his motion, Defendant noted that he had not requested any continuances, nor had the State requested an extension of time.

2

The district court ruled that "the time limit rule ha[d] not been violated" and denied Defendant's motion to dismiss. Following the district court's denial of his motion to dismiss, Defendant pleaded guilty to DWI, reserving the right to appeal the issue of the six-month rule violation. Defendant appeals, arguing that the district court's denial of his motion to dismiss should be reversed and that his case should be dismissed with prejudice.

**DISCUSSION**

The appeal of a magistrate court decision to a district court is de novo. Rule 6-703(J) NMRA. In hearing a de novo appeal, "the district court is not in any way bound by the proceedings in the lower court." *State v. Hicks*, 105 N.M. 286, 287, 731 P.2d 982, 983 (Ct. App. 1986). Rather, the district court must independently determine whether the requirements of the magistrate court were correctly applied. *See id.* (stating that, in a de novo appeal from a metropolitan court decision, the district court was to independently determine whether the metropolitan court rule had been followed). "We review de novo questions of law concerning the interpretation of Supreme Court rules and the district court's application of the law to the facts of this case." *State v. Foster*, 2003-NMCA-099, ¶ 6, 134 N.M. 224, 75 P.3d 824; *see State v. Carreon*, 2006-NMCA-145, ¶ 5, 140 N.M. 779, 149 P.3d 95 ("We review a

3

district court's application of Rue 6-506 de novo."), *abrogated on other grounds by State v. Savedra*, 2010-NMSC-025, 148 N.M. 301, 236 P.3d 20.

Rule 6-506(B)(1) provides, in pertinent part, that "[t]he trial of a criminal citation or complaint shall be commenced within one hundred eighty-two . . . days after . . . the date of arraignment or the filing of a waiver of arraignment of the defendant[.]" The rule enumerates various reasons for the magistrate court to grant an extension of time including, "a determination by the court that exceptional circumstances exist that were beyond the control of the state or the court that prevented the case from being heard within the [182-day] period." Rule 6-506(C)(5). Rule 6-506(E) further provides that if a defendant's trial is not commenced within the time limits of Subsection (B), "the complaint or citation . . . *may* be dismissed with prejudice or the court may consider other sanctions as appropriate." (Emphasis added.)

In *Duran v. Eichwald*, 2009-NMSC-030, ¶¶ 14-15, 146 N.M. 341, 210 P.3d 238, our Supreme Court expressed its dissatisfaction with the strict operation of the district court's version of the six-month rule and announced an amendment of the six-month rules of the district court and children's court as well as the courts of limited jurisdiction. As a result, the former version of Rule 6-506(E) (2007), which mandated dismissal with prejudice upon non-compliance with the time limits of Subsection (B),

4

was replaced with the current version, which, as stated earlier in this Opinion, permits the court to use discretion to dismiss with prejudice or to consider other sanctions. *See* Rule 6-506(E) (2009) compiler's annots. (stating that the 2008 amendment, effective January 15, 2009, to Subsection (E), "changed 'shall' to 'may' and added 'or the court may consider other sanctions as appropriate' to the end of the sentence"); *Duran*, 2009-NMSC-030, ¶ 15 (explaining that the purpose of the amendment was to give courts "discretion to decide whether the failure to timely commence trial should result in dismissal of the charges or whether some other sanction would be more appropriate under the circumstances of the case"); *see also Vaughn v. United Nuclear Corp.*, 98 N.M. 481, 486, 650 P.2d 3, 8 (Ct. App. 1982) ("[A]n amendment substituting 'may' for 'shall' manifests a clear intent to make the act referred to permissive instead of mandatory."). The change to Rule 6-506(E) was effective January 15, 2009, and was therefore in effect prior to Defendant's January 27, 2009, charges in this case. *See* Rule 6-506 compiler's annots.

Despite the current version of Rule 6-506(E) and notwithstanding the State's answer brief argument regarding the discretionary nature of Rule 6-506(E), Defendant fails to address the issue of the court's discretion under that rule. As the appellant, it is incumbent upon Defendant to show that the district court abused its discretion. *State v. Ortiz*, 2009-NMCA-092, ¶ 35, 146 N.M. 873, 215 P.3d 811. Moreover, when

issues raised in an answer brief are not addressed in a reply brief, the appellant is deemed to have conceded the point. *See State v. Templeton*, 2007-NMCA-108, ¶ 22, 142 N.M. 369, 165 P.3d 1145 (stating "the failure to respond to contentions made in an answer brief constitutes a concession on the matter" (internal quotation marks and citation omitted)). Having been presented with no argument to the contrary, we see no basis on which to hold that the district court's denial of Defendant's motion to dismiss for a violation of the six-month rule was obviously erroneous, arbitrary, or unwarranted. *See State v. Alberico*, 116 N.M. 156, 170, 861 P.2d 192, 206 (1993). ("An abuse of discretion . . . can be found when the trial judge's action was obviously erroneous, arbitrary, or unwarranted.").

We are not persuaded by Defendant's contention that, because the State failed to bring his case to trial within the time limits of Rule 6-506 and because no Rule 6-506(C)(5) exceptional circumstances existed, the time limits should be interpreted literally, and his case should be remanded for dismissal with prejudice. In making this argument, Defendant relies on three cases, all of which were decided prior to the amendment to Rule 6-506(E) and prior to the *Duran* decision. *See, e.g.*, *State v. Dominguez*, 2007-NMCA-132, ¶ 1, 142 N.M. 631, 168 P.3d 761 (examining whether, under Rule 5-604(E) NMRA (as it existed prior to the 2008 amendment), the district court properly dismissed the defendant's case when the prosecution filed an untimely

6

request for an extension of the six-month rule); *Carreon*, 2006-NMCA-145, ¶ 6 (recognizing that dismissal under Rule 6-506(B)-(E) was mandatory absent permissible extensions when a defendant was not brought to trial within 182 days); *State v. Guzman*, 2004-NMCA-097, ¶¶ 9-13, 136 N.M. 253, 96 P.3d 1173 (affirming the district court's denial of the defendant's motion to dismiss under the then-applicable district court six-month rule).  Because Defendant neither addresses the current version of Rule 6-506(E), including the extent of the discretion given the court under that rule, nor does he address how, if at all, the discretion given the court in that rule is in any way limited under the circumstances in which the State fails to request an extension of the six-month rule deadline, we do not believe that the cases on which Defendant relies support his position.  We hold that the district court did not err in denying Defendant's motion to dismiss.

**CONCLUSION**

We affirm.

**IT IS SO ORDERED.**


_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**


_____

**JAMES J. WECHSLER, Judge**

_____

**RODERICK T. KENNEDY, Judge**