This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**NICK MERTON,**

Plaintiff-Appellant,

v.                                                                              **No. 35,571**

**FARMERS INSURANCE COMPANY,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nancy J. Franchini, District Judge**

Cravens Law, LLC
Richard H. Cravens, IV
Albuquerque, NM

for Appellant

O'Brien & Padilla, P.C.
Daniel O'Brien
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Chief Judge.**

{1}      Plaintiff has appealed the dismissal of his third-party insurance bad faith complaint. We previously issued a notice of proposed summary disposition in which we proposed to uphold the district court's decision. Plaintiff has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2}      The pertinent background information was set forth in the notice of proposed summary disposition. We will avoid undue repetition here, and focus instead on the content of the memorandum in opposition.

{3}      Plaintiff appears to argue that there is no requirement of finality under *Hovet v. Allstate Ins. Co.,* 2004-NMSC-010, 135 N.M. 397, 89 P.3d 69. [MIO 4, 9] However, *Hovet* unambiguously holds that "[a] third-party claimant's statutory cause of action against the insurer for unfair settlement practices must await *the conclusion of the underlying negligence action between the claimant and the insured.*" *Id.* ¶ 26 (emphasis added). Given that under LR2-603 NMRA Plaintiff has obtained only "a nonenforceable order" at this stage, *Aragon v. Westside Jeep/Eagle*, 1994-NMSC-060, ¶ 10, 117 N.M. 720, 876 P.2d 235, we hold that the underlying negligence action against the insured has not yet concluded.

{4}      Plaintiff further asserts that, as applied to *Hovet* plaintiffs, LR2-603 violates principles of due process and equal protection under the law. [MIO 11] These arguments were not preserved in the district court and are undeveloped in the

memorandum in opposition. [RP 18-20; MIO 11] Therefore, we refuse to address them on appeal. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."); *ITT Educ. Serv., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (stating that this Court will not consider propositions that are unsupported by citation to authority); *State v. Leon*, 2013-NMCA-011, ¶ 33, 292 P.3d 493 ("We generally do not consider issues on appeal that are not preserved below.") (internal quotation marks and citation omitted).

{5}     Lastly, as an alternative remedy, Plaintiff asks this Court to "direct the local court to modify its rules[.]" [MIO 12] While we acknowledge Plaintiff's arguments that LR2-603 presents a potential for abuse, this Court has no such authority. As our Supreme Court held in *Spingola v. Spingola*:

> The power to make rules regarding practice and procedure in all the courts of this State is vested by the Constitution solely in this Supreme Court. By means of Rule [1-083 NMRA] we have delegated to the district courts the power to promulgate rules, not inconsistent with ours, regarding practice in the local courts. A valid rule of a district court has the force and effect of law, the same as one published by this Court.

1978-NMSC-045, ¶¶ 28-29, 91 N.M. 737, 580 P.2d 958 (citations omitted). Further, "the Court of Appeals remains bound by Supreme Court precedent." *State ex rel. Martinez v. City of Las Vegas*, 2004-NMSC-009, ¶ 20, 135 N.M. 375, 89 P.3d 47

(alterations, internal quotation marks, and citations omitted). Therefore, this Court may not order a lower court to amend its rules, and Plaintiff's arguments are better directed at our Supreme Court. *See Duran v. Eichwald*, 2009-NMSC-030, ¶ 5, 146 N.M. 341, 210 P.3d 238 (discussing the Supreme Court's decision to suspend Rule 5-604 NMRA on policy grounds).

{6}    Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{7}    **IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**J. MILES HANISEE, Judge**