The slip opinion is the first version of an opinion released by the Clerk of the Court of Appeals. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Clerk of the Court for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number:_____

Filing Date: December 23, 2024

**No. A-1-CA-41919**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellant,

v.

**ASAD P.,**

      Child-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Shannon Murdock-Poff, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Van Snow, Deputy Solicitor General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Luz C. Valverde, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**OPINION**

**WRAY, Judge.**

{1}      Child was charged by delinquency petition under the Delinquency Act, NMSA 1978, §§ 32A-2-1 to -33 (1993, as amended through 2024), with thirteen counts relating to a stolen vehicle, flight from law enforcement, and the death of another person. Nine judges recused before our Supreme Court assigned a judge from a different judicial district, and all the while, Child remained in custody. After the final judge assignment, Child filed a motion to dismiss, because the thirty-day period to hold an adjudicatory hearing set forth in Rule 10-243(A) NMRA had expired, and the State had not requested an extension. The district court granted Child's motion, and the State appeals. It is undisputed that the State did not seek an extension of the time to adjudicate under Rule 10-243. Dismissal with prejudice is mandatory "[i]n the event the adjudicatory hearing of any person does not commence within the time limits provided" in the rule, "including any court-ordered extensions." Rule 10-243(F)(2). Nevertheless, we conclude that Rule 10-107(B)(1)(b) NMRA afforded an additional mechanism for the extension of time and that the brief lapse in time did not prejudice Child. Under the circumstances of this case, we reverse and remand for reinstatement of the charges.

**BACKGROUND**

{2}    As context for the factual background, we first set out the parameters of Rule 10-243, which governs the time limits for the adjudication of children against whom a delinquency petition has been filed. *See* Rule 10-243; § 32A-2-15; *State v. Anthony L.*, 2019-NMCA-003, ¶ 10, 433 P.3d 347 ("The Children's Code explicitly mandates that Rule 10-243 governs the time limits for the commencement of an adjudicatory hearing."). For a child in detention, an "adjudicatory hearing shall be commenced within thirty (30) days from" the latest of several listed events. Rule 10-243(A). Extensions of time are governed by Rule 10-243(D), which states as follows:

> For good cause shown, the time for commencement of an adjudicatory hearing may be extended by the children's court, provided that the aggregate of all extensions granted by the children's court shall not exceed ninety (90) days, except upon a showing of exceptional circumstances. An order granting an extension shall be in writing and shall state the reasons supporting the extension. An order extending time beyond the ninety (90)-day limit set forth in this paragraph shall not rely on circumstances that were used to support another extension.

The procedure for obtaining an extension of time requires "[t]he party seeking an extension of time" to file a motion "concisely stating the facts that support an extension of time." Rule 10-243(E). The motion "shall be filed within the applicable time limit prescribed by [Rule 10-243], except that it may be filed within ten (10) days after the expiration of the applicable time limit if it is based on exceptional circumstances beyond the control of the parties or trial court which justify the failure to file the motion within the applicable time limit." Rule 10-243(E). The district

court has the discretion to "deny an untimely motion for extension of time or may grant it and impose other sanctions or remedial measures, as the court may deem appropriate in the circumstances." Rule 10-243(F)(1). If no adjudicatory hearing "commence[s] within the time limits provided in this rule, including any court-ordered extensions, the case shall be dismissed with prejudice." Rule 10-243(F)(2).

{3}   In the present case, the parties appear to agree that Child was in detention and that the time initially ran from the date the petition was filed, and we agree. *See* Rule 10-243(A)(2). The petition was filed November 20, 2023, and the district court ordered Child detained on November 21, 2023. On November 29, 2023, the first judge assigned to the case extended the time for the adjudicatory hearing by two days—until December 22, 2023—and then granted Child's request for recusal. After the recusal of the first judge, eight other judges filed recusals, one after the next, until the court clerk certified on December 13, 2023 that "all of the judges for the Third Judicial District" had recused or been excused and that designation of a judge by our Supreme Court was necessary. On January 3, 2024, the State filed a witness list. On January 8, 2024, our Supreme Court appointed a judge from a different district to preside over the petition.

{4}   On January 9, 2024, the district court set a hearing for January 11, 2024. The following day, on January 10, 2024, Child filed a motion to dismiss and argued that the adjudicatory hearing had not been held within thirty days and the State had not

3

sought an extension within the ten-day time frame set forth in Rule 10-243(E), which Child maintained had expired on January 9, 2024. At the hearing on January 11, 2024, the State requested a continuance to be able to respond to Child's motion. The district court denied the continuance because "this juvenile has been sitting in detention and nothing has happened."

{5} Turning to the motion to dismiss, Child argued that the time limit had expired, the State had requested no extension, and no exceptional circumstances existed to extend the time. Child observed that the State had filed a witness list while waiting for judge assignment, which indicated that "the fact that there was no judge assigned was not a barrier to [the State] actually filing the petition [for extension of time] in this matter." In response, the State reiterated that it was not prepared to respond but noted that the case had been assigned to every judge in the district before our Supreme Court was required to assign a judge and that the multiple recusals were out of the State's control and established exceptional circumstances. When asked by the district court why the State did not file a request for extension while the parties waited for the assignment of a new judge, the State had no "good response for that" and had "believe[d] that it was sua sponte" because the "Court was determining who was going to be assigned to this case."

{6} The district court granted Child's motion to dismiss. At the hearing, the district court found no good cause to excuse the State's failure to file any motion to

4

extend the time for adjudication during the period when the case was without a judge. In the written order, the district court found that "[a]ll the time to hear this matter was eaten by the delay" caused by the recusals. The district court determined that "there was no valid reason as to why a motion for extension of time was not filed. Nor did the State validate a reason that [C]hild's due process rights were not being handled properly as he was still being held in detention without a hearing within the strict deadlines set out by our [L]egislature." Ultimately, the district court found that it "must follow the rule and dismiss the matter with prejudice." *See* Rule 10-243(F)(2) (contemplating dismissal with prejudice for failure to commence an adjudication within the timelines, including granted extensions). The State appeals.

**DISCUSSION**

{7}      On appeal, the State argues that the district court's application of the deadlines in Rule 10-243 (1) resulted in an abuse of discretion based on the facts presented, and (2) led to an absurd result. Because we resolve this appeal on the State's first argument, we do not reach the second. "Appellate courts review interpretations of our Supreme Court rules de novo, as well as the district court's application of the law to the facts of the case." *Anthony L.*, 2019-NMCA-003, ¶ 8 (alteration, internal quotation marks, and citations omitted). We begin with the plain language of Rule 10-243. *See Anthony L.*, 2019-NMCA-003, ¶ 8 (looking "first to the plain meaning of the rule" (internal quotation marks and citation omitted)); *State v. Montano*, 2024-

NMSC-019, ¶ 15, 557 P.3d 86 ("Importantly, the absurdity doctrine is not a tool that is used to interpret an ambiguous statute; it only applies to statutes that are clear and unambiguous.").

{8}	The State did not meet the clear and unambiguous thirty-day deadline set forth in Rule 10-243(A) and sought no extension. The thirty-day deadline clearly and unambiguously applies because Child was detained, *see* Rule 10-243(A), and the State did not file a motion for an extension of time before the thirty days expired or within ten days after expiration, *see* Rule 10-243(E). Because no timely motion for an extension of time to adjudicate was filed, we do not consider whether an extension would have been justified by "exceptional circumstances" under Rule 10-243(E).

{9}	The State argues that an "untimely" extension was available under Rule 10-243(F)(1), which as we have noted, permits the district court to grant or deny "an untimely motion for extension of time . . . as the court may deem appropriate in the circumstances." Rule 10-243(F)(1) was designed by our Supreme Court to give district courts "the discretion to decide whether the failure to timely commence trial should result in dismissal of the charges or whether some other sanction would be more appropriate under the circumstances of the case, such as monetary sanctions against the attorney or a change in the defendant's conditions of release." *Duran v. Eichwald*, 2009-NMSC-030, ¶ 15, 146 N.M. 341, 210 P.3d 238 (per curiam). The context for *Duran* is important. At that time, a procedural rule—worded identically

6

to the rule that we consider here—required a criminal proceeding to commence within six months of the relevant triggering event. *Id.* ¶ 2. The district court was permitted to extend the time for good cause up to six months and further extensions could be granted by our Supreme Court. *Id.* The state petitioned the Supreme Court for additional time twenty-eight days after the final allowable extension from the district court had expired and well outside the ten-day grace period for extensions based on exceptional circumstances. *Id.* ¶ 3. The *Duran* Court concluded that based on "the [s]tate's complete failure to establish exceptional circumstances justifying its untimely petition, and given that the petition was nonetheless filed beyond the ten-day grace period in Rule 5-604(E) [NMRA], dismissal of the charges with prejudice is mandatory." *Duran*, 2009-NMSC-030, ¶ 9. The Court, however, was "troubled by an outcome that precludes a trial on the merits because of a procedural rule violation for which there has not been a clear showing of prejudice to the accused." *Id.* Because the rule at that time permitted "no less drastic remedies" than dismissal, our Supreme Court ordered the rules to be changed to permit the district court discretion. This order specifically included Rule 10-243, the rule at issue here. *See Duran*, 2009-NMSC-030, ¶¶ 14-15 (noting amendments). Included in that order to amend the rules was direction to "our rules committees to consider whether to recommend different or additional revisions to the rules that might more effectively address the problems" that had been revealed by the *Duran* case. *Id.* ¶ 15.

{10} Apparently in response to this directive, Rule 10-243(F) was amended to include the discretionary language regarding "untimely motion[s] for extension of time." But the rule does not explain whether such untimely motions are the same untimely motions that are governed by the ten-day grace period set forth in Rule 10-243(E) or whether the discretion given to the district court in Rule 10-243(F) to substitute sanctions applies to all late-filed motions for extensions of time, including those filed after the ten-day grace period. Rule 10-243(E) requires the movant to file a request for extension before the running of the time period or within a ten-day grace period after the period expires and imposes a requirement that the movant establish exceptional circumstances. Rule 10-243(F)(1) offers no standard for granting or denying untimely motions. If any "untimely" motion is permissible under Rule 10-243(F)(1), the ten-day grace period becomes meaningless and an even later motion for an extension can be filed without any particular justification at all.[1] Rule

---

[1] Before the post-*Duran* amendment to the rule in 2009, Rule 10-243(D) NMRA (2009) permitted the district court to grant extensions of up to sixty days and Rule 10-243(E) (2009) governed only petitions for extensions of time brought in our Supreme Court, which were required to be filed within the time limits in the rule or within ten days of the expiration of a deadline. *Id.* Thus, the time limits in the prior Rule 10-243(E) (2009) did not apply to any extension of time sought in or granted by the district court. In 2009, in response to *Duran*, Rule 10-243(F) (2009) was amended to afford the district courts the discretion to sanction late filings rather than dismiss cases. *Cf. State ex rel. Child., Youth & Fams. Dep't v. Arthur C.*, 2011-NMCA-022, ¶ 12, 149 N.M. 472, 251 P.3d 729 (considering identical language in Rule 10-343), *superseded by rule as stated in State ex rel. Child., Youth & Fams. Dep't v. Tanisha G.*, 2019-NMCA-067, ¶ 11, 451 P.3d 86. In 2014, Rule 10-243(E) was amended again to its current form and authorizes the district court—as opposed

8

10-243(F)(1) therefore does not appear to create a new category of untimely motions filed beyond the ten-day grace period but rather implements the *Duran* Court's desire for a less drastic remedy than dismissal only when motions to extend time are filed within the ten-day grace period or, as we explain, when extensions are otherwise expressly permitted by the rules. *See State ex rel. Child., Youth & Fams. Dep't v. Tanisha G.*, 2019-NMCA-067, ¶¶ 1, 13, 451 P.3d 86.

{11}     This conclusion alone does not resolve the present case. The language of Rule 10-243(F)(2) requires dismissal with prejudice if the adjudicatory hearing "does not commence within the time limits provided in this rule, including any court-ordered extensions." We have concluded that Rule 10-243(F)(1) permits an alternate remedy to dismissal for untimely or unjustified motions to extend time, but that the rule does not itself permit motions to extend time that are filed later than the ten-day grace period allowed by Rule 10-243(E). The question therefore remains whether a mechanism existed for the State to seek more time in the present circumstances, and

to our Supreme Court—to handle all extensions of time. This amendment retained the change to Rule 10-243(F) after *Duran*, but did not specify whether the discretion to impose sanctions rather than dismissal indicates an intent to permit any extension of time. It may be helpful for our Supreme Court to consider amending Rule 10-243, and the other rules with identical language, to clarify whether limiting the district court's discretion under Rule 10-243(F)(1) to circumstances defined by Rule 10-243(E) or as otherwise expressly permitted under the rules was an unintended result of the piecemeal amendments to Rule 10-243(E) and (F). *See State v. Yates*, 2008-NMCA-129, ¶ 28, 144 N.M. 859, 192 P.3d 1236 (Castillo, J., specially concurring).

9

as we explain, we conclude that Rule 10-107(B) was the appropriate procedural mechanism to obtain an extension of time.

{12}    Rule 10-107(B) provides a general rule for the extension of specific deadlines under the Children's Code. Rule 10-107(B)(1) permits the district court to extend the time "(a) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (b) on motion made after the time has expired if the party failed to act because of excusable neglect." This general exception may not be used to override the conditions for extension of time "under Rules 10-211, 10-241, 10-343, or 12-201 NMRA." *See* Rule 10-107(B)(2). Importantly, Rule 10-243 is not excluded from the application of Rule 10-107(B).[2] Rule 10-107(B) therefore applies to the district court's determination whether to extend the time for adjudication under Rule 10-243 and is a type of "untimely motion" for the purposes of Rule 10-243(F)(1). *Cf. State v. Smallwood*, 2007-NMSC-005, ¶ 19, 141 N.M. 178, 152 P.3d 821 (considering similar rules and concluding that a rule allowing for extension of time applied "[i]n light of the fact

[2]This Court considered a similar question related to identical language in Rule 10-343(E)(1) NMRA, which governs extensions of time to adjudicate abuse and neglect petitions, and affirmed dismissal of the petition and denial of a petition to grant an extension of time. *See Tanisha G.*, 2019-NMCA-067, ¶¶ 1, 13. The time periods in Rule 10-343, however, are explicitly excluded from extensions of time under Rule 10-107(B). *See* Rule 10-107(B)(2). In the present case, we address different applicable rules and facts, and we therefore decline to rely on *Tanisha G.* to affirm.

that Rule 5-104(B) [NMRA] excludes the two rules that explicitly contain a provision limiting late filings, but does not exclude Rule 5-704(A) [NMRA]").

{13} As a result, the district court could grant a motion to extend time under Rule 10-107(B) and also impose a sanction or remedial measure under Rule 10-243(F)(1) based on the circumstances surrounding an untimely and/or unjustified request for extension. Because Rule 10-107(B)(1)(a) did not provide a basis for extending the time in the present case, because the State made no motion and the court took no action, only the "excusable neglect" provision under Rule 10-107(B)(1)(b) could have extended the time for adjudication.[3] The district court's conclusion—that dismissal was mandatory because the State failed to timely seek an extension under Rule 10-243—was therefore an abuse of discretion. *See State v. Oppenheimer & Co.*, 2019-NMCA-045, ¶ 6, 447 P.3d 1159 (explaining that a district court abuses its discretion "when it applies an incorrect standard" (internal quotation marks and citation omitted)).

---

[3]We note that the "for cause" and "excusable neglect" standards under Rule 10-107(B)(1)(b) appears to be a lesser burden than the "exceptional circumstances" standard that would apply in the ten-day grace period under Rule 10-243(E). *Cf. Duran*, 2009-NMSC-030, ¶ 8 (rejecting "the [s]tate's attempt to equate inadvertence with an exceptional circumstance"). In our view, prompt attention to the deadlines and mechanisms set forth in Rule 10-243(D) and (E) is ensured by the multiple risks inherent in waiting to seek an extension under Rule 10-107(B)(1)(b)—denial of the motion, sanctions under Rule 10-243(F)(1), and implication of the overarching speedy trial guarantee.

{14} Child argues that Rule 10-107(B)(1)(b) does not apply because the State did not preserve "any claim of error" under that rule, the State sought no extension of time, and because the district court's findings essentially rejected any argument that the State's failure to file a motion could have been the result of excusable neglect. As to Child's preservation argument, the State requested an opportunity at the hearing to prepare a response to Child's motion, which the district court denied. Under those circumstances, preservation is excused. *See* Rule 12-321(A) NMRA ("If a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice the party."). As to Child's argument that the district court essentially rejected any "excusable neglect" argument, we note Child has repeatedly argued that the State made no motion to extend time, which necessarily means the State made no excusable neglect argument. We decline to take the district court's rulings out of context. We turn then to Child's final point, that Rule 10-107(B)(1)(b) requires a motion and because the State never moved for an extension of time, the district court's only option was dismissal under Rule 10-243(F)(2) for failure to adjudicate within the time frames of the rule, including any extensions.

{15} There can be no doubt that the State neglected its obligation under Rule 10-243 to seek an extension of time to adjudicate Child. The State's position in the district court, that an extension of time would happen automatically on the court's

12

own action, disregards the State's obligation as prosecutor and representative of the public interest. *Cf. State v. Gonzales*, 2005-NMSC-025, ¶ 36, 138 N.M. 271, 119 P.3d 151 (considering the propriety of prosecutorial disqualification and observing that "a prosecutor represents the public interest"); *see State v. Torres*, 2012-NMSC-016, ¶ 17, 279 P.3d 740 ("[A] prosecutor is not simply acting as counsel for one of two parties in a dispute; [they are] acting on behalf of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all." (internal quotation marks and citation omitted)). The State shares the duty to adhere to the procedural and constitutional safeguards that guarantee that a criminal defendant receives due process. *See Torres*, 2012-NMSC-016, ¶ 21 (quoting paragraph one of the committee commentary to Rule 16-308 NMRA of the Rules of Professional Conduct, which "acknowledges that the duty of a prosecutor as a 'minister of justice' includes 'specific obligations to see that the defendant is accorded procedural justice and that guilt is decided upon the basis of sufficient evidence'"); *cf. State v. Lujan*, 2003-NMCA-087, ¶ 15, 134 N.M. 24, 71 P.3d 1286 (observing in the speedy trial context that "where a mechanism exists to bring a defendant to trial, the [s]tate has a duty to use it"). Adherence to those duties ensures that the purposes of the Delinquency Act are served. *See* § 32A-2-1 (defining the scope of the Delinquency Act); § 32A-2-2 (including among the multiple purposes of the Delinquency Act appropriate accountability, deterrence, and rehabilitation). We further disagree with

the State's position on appeal that the oral request to continue the hearing on Child's motion to dismiss was inherently a motion to extend the time to adjudicate. The State simply did not seek an extension of time to adjudicate.

{16}    Nevertheless, the circumstances warrant remand for the district court to permit the State to respond to Defendant's motion to dismiss. The motion to dismiss was filed the day after the time expired under Rule 10-243 without an opportunity for the State to respond. The district court concluded that no further extension was permissible under Rule 10-243, which we have determined to be an abuse of discretion. *See Oppenheimer & Co.*, 2019-NMCA-045, ¶ 6 (describing the standard of review). Child demonstrated no prejudice that might have arisen—not from the delay in adjudication but from the failure to timely move for an extension. It is well established that no showing of prejudice is required to demonstrate a violation of the time to adjudicate. *See Duran*, 2009-NMSC-030, ¶ 11; *see also State v. Cardenas*, 2003-NMCA-051, ¶ 12, 133 N.M. 516, 64 P.3d 543 (noting that the six-month rule "is a bright-line rule, designed to assure prompt disposition of criminal cases" (internal quotation marks and citation omitted)). The motion to dismiss was premised on a violation of the time to adjudicate and Child did not need to establish prejudice to prevail on that motion. But the district court construed Rule 10-243 to require dismissal for failure to file a motion to extend time and immediately dismissed. The failure to file the motion to extend was a procedural violation, and

14

"most procedural rule violations will not automatically result in a new trial or the outright dismissal of charges, unless the accused can demonstrate actual prejudice to the defense." *Duran*, 2009-NMSC-030, ¶ 11. The district court appropriately noted that Child was incarcerated while the case was without a judge and the State neglected to secure additional time to adjudicate. On the other hand, the motion to dismiss was filed the day after the ten-day deadline in Rule 10-243(E) expired, and until that day, significant extensions of time were available under Rule 10-243(D). In the confluence of the complex rules involved and these unusual circumstances, we conclude that the State's failure to seek an extension that could be sought under Rule 10-107(B)(1)(b) did not justify dismissal.

{17}    This conclusion does not come lightly. *See Duran*, 2009-NMSC-030, ¶ 15 (expecting that the time rules "will be applied in a manner that holds the prosecution accountable for its duty to bring the accused to trial in a timely manner"). In other contexts involving the State's disregard for time limits in the face of a defendant's assertion of rights, our Supreme Court has carefully considered the fairness of requiring a defendant to assert rights and permitting the State to overlook its obligations. *Cf. Smallwood*, 2007-NMSC-005, ¶¶ 17, 19-23 (considering a death penalty notice filed late without request for extension). Yet we must balance the purposes of the Delinquency Act—accountability, deterrence, and rehabilitation, *see* § 32A-2-2—with the due process protections afforded by our rules that govern the

time in criminal proceedings. As we have explained, in the present case, that balance favors permitting the State to respond to Child's motion to dismiss and/or make a late request to the district court to exercise its discretion to extend the time to adjudicate.

**CONCLUSION**

{18}     We reverse the dismissal of this matter and remand to the district court for reinstatement of the charges.

{19}     **IT IS SO ORDERED.**


_____
                                        **KATHERINE A. WRAY, Judge**

**WE CONCUR:**


_____
**KRISTINA BOGARDUS, Judge**

**JANE B. YOHALEM, Judge (specially concurring).**

**YOHALEM, Judge (specially concurring).**

{20}	I concur in the majority opinion but write separately to emphasize the difficulties identified in the majority opinion with construing Rule 10-243; difficulties that arise with equal or greater force when construing Rule 10-343 (addressing the timing of adjudicatory hearings in child abuse and neglect cases). Rule 10-243 and Rule 10-343 are nearly identically worded regarding the procedure for requesting an extension of time and, in particular, whether dismissal is mandatory when the State fails to timely seek an extension. I believe that urgent action is needed to clarify these rules and, in particular, to provide direction on the intent of our Supreme Court regarding the requirement for mandatory dismissal when the State fails to timely seek an extension of time.

{21}	Prior to 2009, as the majority notes, these rules made dismissal of the action mandatory if the State failed to timely seek an extension of time. That changed in 2009 when our Supreme Court decided *Duran* and directed that the rules be amended to provide both the district courts and our Supreme Court with discretion to impose a sanction on the State for failing to timely file for extension of time, as an alternative to dismissing the case. The 2009 amendment to Rule 10-343 was construed by this Court to allow the children's court in an abuse and neglect case, in its discretion, to impose a sanction on the State, rather than dismissing. *See State ex rel. Child., Youth & Fams. Dep't v. Arthur C.*, 2011-NMCA-022, ¶ 12, 149 N.M. 472, 251 P.3d 729.

17

**{22}** This changed with the 2014 amendments to Rules 10-243 and 10-343.[4] The 2014 amendments, which remain in place and are the version construed in this opinion, removed the requirement that the State petition our Supreme Court for an extension of time beyond the maximum that the children's court was previously authorized to grant. The petition to our Supreme Court for an extension beyond that maximum was replaced with a motion to the children's court. *Compare* Rule 10-243 (2009), *with* Rule 10-243 (2014). This change, however, was made without an overall revision of the portion of these rules governing the procedures for filing motions for extension in the district court. In subsection (E) of Rule 10-243 and Subsection (D) of Rule 10-343, the words "Supreme Court" were replaced with "children's court" and the word "petition" with the word "motion." This left two subsections in each rule, which now address motions for extension of time filed in the children's court but provide different procedures. It is now not clear in these rules whether the procedures previously used to petition the Supreme Court, found in Subsection (E) of Rule 10-243 and Subsection (D) of Rule 10-343, now apply to all motions for extension of time in the children's court or conversely, whether the procedure in Subsection (D) of Rule 10-243 and Subsection (C) of Rule 10-343, for extension motions in the children's court, apply to what had previously been a

---

[4]Language identical to the 2014 amendments was also adopted in Rule 10-243.1 NMRA, a new rule addressing time limits for adjudication in youthful offender proceedings.

petition to the Supreme Court. Nor is the standard of review applicable at each stage any longer clear. The subsections at issue had provided different standards of review and different procedures when one related to a petition to our Supreme Court and one to motions in the children's court. After the 2014 amendments, it is no longer clear, for example, whether the ten-day grace period that previously applied to a petition to our Supreme Court applies to some or all motions for extension of time in the children's court. Most importantly, the 2014 amendments made some minor changes to the language of Subsection (F) of Rule 10-242 and the parallel provision in Rule 10-343(E), addressing the effect of noncompliance with the time limits, without clarifying whether these seemingly minor edits were intended to take away the authority of the district court to impose sanctions on the State as an alternative to mandatory dismissal.

{23}     In 2019, this Court construed Rule 10-343(E), as amended in 2014, in just that way—as limiting the district court's discretion to impose a remedy other than mandatory dismissal when a motion for extension of time is filed later than the ten-day grace period in Subsection (D). *See Tanisha G.*, 2019-NMCA-067. This essentially returned Rule 10-343, a rule that operates independently of Rule 10-107(B), *see* Rule 10-107(B)(2), to the mandatory dismissal requirement rejected by our Supreme Court in its decision in *Duran*.

{24} I am writing separately to emphasize the importance of our Supreme Court reconsidering whether Rule 10-243, addressed in this opinion, and the identically worded Rules 10-343 and 10-243.1, accurately reflect the intent of our Supreme Court to return to mandatory dismissal as the sole remedy for a late-filed motion for extension of time when Rule 10-107(B) does not apply. This case and *Tanisha G.* illustrate the difficulty in the construction of these rules occasioned by their piecemeal amendment, and the importance of the underlying question of whether mandatory dismissal is required when recourse to Rule 10-107(B) is not available and the motion for extension is more than ten days late.

{25} I join the majority opinion, but respectfully request that our Supreme Court refer Rules 10-243, 243.1, and 10-343 to the appropriate committee for clarification, with direction as to the Court's intent.

_____
**JANE B. YOHALEM, Judge**

20